**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest M. MILLICAN, Jr.,
Defendant-Appellant.**

**No. 78-5395
Summary Calendar.***

United State Court of Appeals,
Fifth Circuit.

Aug. 2, 1979.

Rehearing Denied Oct. 9, 1979.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Ernest M. Millican, Jr., pro se.

Arnaldo N. Cavazos, Jr., Asst. U. S. Atty., Dallas, Tex., Robert E. Lindsay, Atty., M. Carr Ferguson, Asst. Atty. Gen., James A. Bruton, Atty., Gilbert E. Andrews, Chief, Appellate Sec., Dept. of Justice, Tax Div., Washington, D. C., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

RONEY, Circuit Judge:

Defendant Ernest Millican was convicted after a jury trial of wilfully failing to file a federal income tax return in violation of the Internal Revenue Code, 26 U.S.C.A. § 7203, and sentenced to one year in prison. His *pro se* appeal argues several points.

Among other things, the defendant argues he was denied a pretrial showing of probable cause because he appeared in court in response to a summons rather than an arrest warrant, and that the court never conducted a probable cause hearing before trial, although he requested one. Although the denial of defendant's request for a probable cause hearing was improper, it does not permit reversal of his conviction. The law appears to be clear that defects in the procedures through which defendant was brought before the court do not void his subsequent conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (Conviction will not be vacated on ground defendant was detained pending trial without determination of probable cause); *Frisbie v. Collins*, 342 U.S.

519, 72 S.Ct. 509, 96 L.Ed. 541 (1952) (Defendant alleged forcible abduction in violation of Federal Kidnapping Act); *United States v. Lopez*, 542 F.2d 283 (5th Cir. 1976) (Defendant returned to United States by FBI after torture and interrogation by Dominican Republic authorities, allegedly at instigation of United States); *United States v. Herrera*, 504 F.2d 859 (5th Cir. 1974) (Defendant alleged illegal arrest, abduction and extradition from Peru).

As a matter of practice, however, defendant should have been afforded a probable cause hearing.

In January 1978 a criminal information was filed against defendant Ernest Millican by the United States Attorney for the Northern District of Texas. The information charged defendant with wilfully failing to file a federal income tax return for tax year 1975 in violation of the Internal Revenue Code, 26 U.S.C.A. § 7203. The information was neither verified nor supported by affidavit. It contained a brief statement of the facts underlying the crime charged and was signed by the United States Attorney and an assistant United States Attorney.

Pursuant to Rule 9, Fed.R.Crim.P., the clerk of the district court issued and a United States marshal personally served a summons which directed defendant to appear before the court and answer the charge set forth in the information. The day before defendant's scheduled arraignment he filed papers entitled "Defendant's Special Appearance" challenging the court's jurisdiction to hear the case and moved for a Bill of Particulars.

After the arraignment, defendant, proceeding without counsel, filed a motion to dismiss the information for lack of probable cause because it was not supported by oath attesting that a crime had been committed. Further, defendant filed a "Notice and Petition for Order to Show Cause or an Order to Dismiss for Lack of Probable Cause," reasserting his challenge to the validity of the unsworn information and alleging that the summons failed because it was unsupported by oath or affirmation. In addition

defendant filed a Motion to Dismiss for Denial of Due Process complaining of the denial of a hearing and proof of probable cause. All of defendant's motions were denied by the district court. No application for warrant of arrest of defendant was ever sought. From the record it appears that at no time before trial did the Government ever make a sworn showing of probable cause. Defendant was never taken into custody and remains free on bail pending the outcome of this appeal.

■ The crime with which defendant was charged, a misdemeanor punishable by not more than one year's imprisonment, is properly charged by information rather than indictment. *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978); Fed.R. Crim.P. 7(a). The information here, as required by Rule 7(c), Fed.R.Crim.P., contained a "plain, concise and definite written statement of the essential facts constituting the offense charged" and was signed by the Government's attorney.

The information, as originally used in Great Britain, was a formal accusation which the King could make in his courts without any evidence and against all evidence. *United States v. Tureaud*, 20 F. 621, 622 (5th Cir. 1884). As prosecution by information became accepted practice in this country, courts disagreed over the need for probable cause supported by oath or verification in a valid information. *Compare United States v. Tureaud*, 20 F. at 622; *United States v. Morgan*, 222 U.S. 274, 282, 32 S.Ct. 81, 56 L.Ed. 198 (1911); *United States v. Kennedy*, 5 F.R.D. 310, 312 (D.Colo.1946), *with Weeks v. United States*, 216 F. 292, 298 (2d Cir. 1914). *See also Albrecht v. United States*, 273 U.S. 1, 6 n. 2, 47 S.Ct. 250, 71 L.Ed. 505 (1927). This Court and others required the support of an oath or verification only where the information was made the basis for an application for an arrest warrant. *Christian v. United States*, 8 F.2d 732 (5th Cir. 1925); *Keilman v. United States*, 284 F. 845 (5th Cir. 1922). The significance of decisions that no verification was needed may have been reduced by the fact that filing of informations re-

quired leave of the court and before granting leave the court had to satisfy itself that probable cause existed for the prosecution. *See Albrecht v. United States*, 273 U.S. at 5, 47 S.Ct. 250; Orfield, Warrant or Summons Upon Indictment or Information in Federal Criminal Procedure, 23 Mo.L.Rev. 308, 327 (1958). Rule 7(a), Fed.R.Crim.P., now permits filing of an information without leave of court.

■■ A probable cause determination is not a constitutional prerequisite to filing of the information itself, *Gerstein v. Pugh*, 420 U.S. at 125 n. 26, 95 S.Ct. 854, nor have the Federal Rules of Criminal Procedure, in effect since 1946, been construed to require probable cause in an information in order to state a prosecutable offense. *See United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969); *United States v. Pickard*, 207 F.2d 472, 474–475 (9th Cir. 1953). A demonstration of probable cause is required by the Fourth Amendment, of course, where the information is the basis for an arrest warrant. *Albrecht v. United States*, 273 U.S. at 5, 47 S.Ct. 250.

Rule 9(a) Fed.R.Crim.P., provides for the process used to secure defendant's appearance, and provides:

Upon the request of the attorney for the government the court shall issue a warrant for each defendant named in the information, it if is supported by oath, or in the indictment. The clerk shall issue a summons instead of a warrant upon the request of the attorney for the government or by direction of the court. Upon like request or direction he shall issue more than one warrant or summons for the same defendant. He shall deliver the warrant or summons to the marshal or other person authorized by law to execute or serve it. If a defendant fails to appear in response to the summons, a warrant shall issue.

Professor Wright has concluded that since a summons may issue "instead of a warrant," and a warrant may issue only on a sworn information, then a summons may issue only on a sworn information.

The procedure for a summons is set out in the second sentence of Rule 9(a), and speaks of issuing a "summons instead of a warrant." · The first sentence allows issuance of a warrant upon an information only "if it is supported by oath." If the information is not supported by oath, no warrant can issue, and there would be no authorization for issuing "a summons instead of a warrant." This conclusion is further supported by the final sentence of Rule 9(a), which provides that if a defendant fails to appear in response to the summons, a warrant "shall issue." If a summons could be issued on an information not supported by oath, and a warrant then issued for failure to appear in response to the summons, the end result would be that defendant could be arrested on warrant though there had never been a showing under oath of probable cause. This is not permissible.

1 Wright, Federal Practice and Procedure, § 151 at 342 (1969).

The same conclusion was drawn in *United States v. Greenberg*, 320 F.2d 467, 471 (9th Cir. 1963), from a similar analysis of the language of Rule 4, Fed.R.Crim.P., which provides for issuance of summons and warrants upon a complaint, rather than an information. A summons on a complaint may involve a higher degree of restraint than one on an information since if a defendant appears in response to the complaint he is likely to be required to post bail or suffer arrest and detention until a decision has been made on charges pending against him. *See United States v. Greenberg*, 320 F.2d at 471. *See also* 8 Moore's Federal Practice, ¶ 4.05(1) at 4–32 (2d ed. 1978).

In this case the Government asserts that, although the rule provides that a warrant *shall* issue if the defendant fails to appear under the summons, a warrant for arrest will issue only after the court satisfies itself that probable cause exists for prosecution and the necessary oath is made. We have serious reservations as to whether this happens in practice. The Government's case support, *United States v. Evans*, 574 F.2d 352 (6th Cir. 1978), is inapposite because there the warrants under which the defendant was arrested were issued under a statute stating that upon disobedience of an "appearance ticket" under a complaint, the court may issue a warrant "based upon the complaint filed." Furthermore the form signed by the judge to order the warrants stated they were to be based on the complaint as did the warrants themselves. *See United States v. Greenberg*, 320 F.2d at 471. *Cf.* Rule 4, Federal Rules of Procedure for Trial of Minor Offenses before United States Magistrates.

■ Even if the Government's assertion is accurate, however, or because it is accurate, a probable cause determination should also be made on the request of a defendant who responds to a summons. The summons, although not equal in physical restraint to a Rule 9 warrant carries considerable compulsion. Most persons would feel compelled to respond to a summons, as well they should. For the defendant who is subsequently found guilty beyond a reasonable doubt, there is really no harm. It would be strange indeed if evidence sufficient to convict were found to be insufficient for probable cause. It is the defendant who is acquitted who suffers if no probable cause under oath could have been furnished by the Government if it had been required before trial. That defendant has been required to suffer a trial that should not have occurred in the first place. Such a defendant should not have to disobey a summons to trigger a probable cause hearing. It is highly desirable for the district courts to establish, where it is challenged, that the Government has probable cause supported by oath before putting any defendant to trial.

■ The Government argues that by appearing on the summons rather than forcing his arrest by nonappearance, defendant waived any defects of process. The defendant made persistent efforts to obtain a probable cause determination. He should have had one, or the information should have been verified. Having now been convicted beyond reasonable doubt, however, he cannot upset that conviction on the argu-

ment that no probable cause was shown prior thereto.

Millican attacks his conviction on a number of other grounds: improper jury instructions, failure to provide a fair trial and the use of an information to charge him with failure to file an income tax return in violation of 26 U.S.C.A. § 7203.

Millican argues he was entitled to a jury instruction that his claim of Fifth Amendment privilege against disclosing his income on a tax return was "to be considered by [the jury] as a proper defense against the charge of willful failure to file . . . ." *United States v. Johnson*, 577 F.2d 1304, 1310 (5th Cir. 1978), however, held rejection of a similar jury charge proper. *See United States v. Wade*, 585 F.2d 573, 574 (5th Cir. 1978). There is no merit to Millican's claim of entitlement to an instruction that the Internal Revenue Service was under a duty pursuant to 26 U.S.C.A. § 6020(b)(1) to prepare his tax return. *United States v. Harrison*, 30 A.F.T.R.2d ¶ 72–5104 (E.D.N.Y. July 12, 1972), *aff'd* 486 F.2d 1397 (2d Cir. 1972), *cert. denied*, 411 U.S. 965, 93 S.Ct. 2144, 36 L.Ed.2d 685 (1973). An instruction, to which Millican did not object at trial, that limited the jury's view of the law upon which it was to base its verdict to the court's instructions on the law was proper and not plain error. Fed.R.Crim.P. 52(b); *Wilton v. United States*, 156 F.2d 433, 435 (9th Cir. 1946). *See United States v. Rodriguez*, 375 F.Supp. 589, 595–596 n. 2 (S.D.Tex.), *aff'd*, 497 F.2d 172 (5th Cir. 1974).

Challenging the fairness of the trial, Millican claims a number of errors. His attack on the trial judge's opening statement that Millican did not file a return according to law is without merit. Review of the record shows the judge's statement was a clarification of a statement made by the prosecutor, and no prejudice resulted. Millican's complaint that the trial judge polled the jury improperly is also meritless.

In *United States v. Sexton*, 456 F.2d 961 (5th Cir. 1972), cited by Millican, the trial judge forced a juror who had expressed uncertainty to arrive at a verdict in open court. In the instant case a juror, in response to the poll, answered "It's the verdict of the jury." Following defense counsel's request for clarification, the trial judge asked; "Is this your verdict and the verdict of the jury?" The record shows the juror did not indicate uncertainty, and the judge merely sought a responsive answer to the poll. No error was committed. *See United States v. Duke*, 527 F.2d 386, 394 (5th Cir.), *cert. denied*, 426 U.S. 952, 96 S.Ct. 3177, 49 L.Ed.2d 1190 (1976). Examination of the record shows the W–2 forms and other forms Millican claims the Government destroyed were not needed in connection with his conviction, and they did not contain allegedly exculpatory information.

Review of Millican's other challenges to the fairness of the trial reveals no error. Contrary to Millican's assertions, 26 U.S.C.A. § 7203 requiring the filing of an income tax return is not unconstitutional for vagueness, *United States v. Lachmann*, 469 F.2d 1043, 1046 (1st Cir. 1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973); *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir.), *cert. denied*, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972), and this Court has held an information instead of an indictment can be used to charge a defendant with failure to file an income tax return in violation of 26 U.S.C.A. § 7203. *United States v. Kahl*, 583 F.2d at 1355.

AFFIRMED.