**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Everette A. BOHRER,
Defendant-Appellant.**

**No. 86–1445.**

United States Court of Appeals,
Tenth Circuit.

Dec. 16, 1986.

Rehearing Denied Jan. 27, 1987.

Cecil A. Hartman, Denver, Colo., for defendant-appellant.

James K. Bredar, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN, ANDERSON, and TACHA, Circuit Judges.

LOGAN, Circuit Judge.

Everette A. Bohrer appeals from his conviction, following a jury trial in the United States District Court for the District of Colorado, on four counts of willful failure to file income tax returns, violations of 26 U.S.C. § 7203. On appeal, Bohrer contends (1) the summons issued in this case was not supported by a showing of probable cause;

(2) he was improperly denied discovery of a government tax protester list, which he requested to support a defense of selective prosecution; (3) there was insufficient evidence of the required element of willfulness, especially in view of the court's improper admission of an IRS internal memorandum; and (4) three jury instructions prejudicially placed points before the jury that were not raised by evidence or argument. We affirm the conviction on all counts.

■ Bohrer first contends that the action against him should have been dismissed because the information on which he was charged and a summons issued for him to appear for trial were not supported by probable cause. Although Bohrer argues that a showing of probable cause is required under Fed.R.Crim.P. 9 and 4(a) for issuance of a summons, it is explicit in those rules only that a warrant shall not issue unless the information shows probable cause. No such requirement attaches to the issuance of a summons, which issues instead of a warrant if requested by the attorney for the government. Under the Fourth Amendment, a showing of probable cause is required only when a defendant is to be subject to an extended pretrial restraint of liberty following arrest. *Gerstein v. Pugh*, 420 U.S. 103, 114, 125 n. 26, 95 S.Ct. 854, 863, 868 n. 26, 43 L.Ed.2d 54 (1975). The summons subjected Bohrer to no such restraint on his liberty and, accordingly, was proper.

■ Bohrer cites *United States v. Millican*, 600 F.2d 273 (5th Cir.1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980), for the proposition that even absent pretrial arrest or detention, a probable cause hearing should be granted at a defendant's request. *Id.* at 275. In the present case, however, Bohrer did not ask for a probable cause hearing. Moreover, *Millican* makes clear that denial of a probable cause hearing is not grounds for reversal of a subsequent conviction. *Id.; Gerstein*, 420 U.S. at 119, 95 S.Ct. at 865 (a conviction will not be vacated on the ground that a defendant was detained pending trial without a determination of probable cause). Bohrer's argument is entirely without merit.

■ Bohrer next contends that he was improperly denied discovery of a government tax protester list, which he requested to support a defense of selective prosecution. To demonstrate unconstitutionally selective prosecution, a defendant must show (1) he was singled out for prosecution while others similarly situated were not generally prosecuted; and (2) the prosecution was invidiously based on racial, religious, or other impermissible considerations. *United States v. Amon*, 669 F.2d 1351, 1356-57 (10th Cir.1981), *cert. denied*, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982). Some initial showing of entitlement to the claim of selective prosecution is required for discovery to be ordered by the court. *United States v. Ness*, 652 F.2d 890, 892 (9th Cir.), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).

■ In this case, in denying Bohrer's motion the district court found that Bohrer had failed to produce any evidence which would establish a prima facie showing of selective prosecution. On the basis of our review of the record, we agree. In any event, we would not overturn the district court's finding unless it was clearly erroneous. *Cf. Amon*, 669 F.2d at 1356. It is not.

■ Bohrer also contends that the district court erred in refusing to grant his motions for acquittal and, later, for a new trial, because the government failed to prove the element of willfulness essential to the four violations of 26 U.S.C. § 7203. Specifically, he first contends that the government's introduction of evidence that he filed tax returns for the four years before 1980 is not evidence of his state of mind in 1980 and after. But it is well established that filing tax returns in prior years is evidence of willfulness. *See United States v. Weninger*, 624 F.2d 163, 167 (10th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980). Bohrer's argument to the contrary is meritless. The

government also introduced evidence of Bohrer's substantial gross income during the years in which he failed to file tax returns. This too is evidence of willfulness. *United States v. Johnson*, 585 F.2d 374, 377 (8th Cir.1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1246, 59 L.Ed.2d 473 (1979).

The chief focus of Bohrer's contention of error with respect to the element of willfulness and his motions for acquittal and new trial is a conversation the government alleges took place between Bohrer and IRS agent Jean Van De Sande. Agent Van De Sande testified that he telephoned Bohrer at a number obtained from directory assistance, to request that Bohrer file tax returns, and that Bohrer told him that he had not filed because "the Internal Revenue Department was not a legal entity of the United States Government according to some amendment of the Constitution, and that he did not have to file." R. II, 74–75. Bohrer testified, as the only defense witness, that he had no recollection of any telephone conversation with Agent Van De Sande.

On rebuttal, the government offered into evidence the IRS contact card, containing Van De Sande's version of the alleged telephone conversation. Over defense counsel's objection that it was improper rebuttal, and could not be authenticated except by Van De Sande, the court admitted the record under Fed.R.Evid. 803(6), as a business record of the IRS, authenticated by the testimony of its custodian, Agent John Ottinger. Bohrer then resumed the stand and testified that his telephone number was unlisted, a different number than the one listed on the contact card, and that he had not talked with Van De Sande. On appeal, Bohrer contends specifically that Van De Sande's testimony was false, and that the district court erred in admitting the contact card.

We have serious problems with the admission of the IRS contact card under the business records hearsay exception. Records kept in the regular course of business of public agencies may be admissible under the business records exception, Fed. R.Evid. 803(6), as well as under the public records exception, Fed.R.Evid. 803(8). *See, e.g., United States v. Bowers*, 593 F.2d 376, 380 (10th Cir.), *cert. denied*, 444 U.S. 852, 100 S.Ct. 106, 62 L.Ed.2d 69 (1979); *United States v. Oates*, 560 F.2d 45, 63–84 (2d Cir.1977); *United States v. Smith*, 521 F.2d 957, 962–71 (D.C.Cir.1975). Records of observations of law enforcement personnel, however, are not admissible in criminal cases under the public records exception. Fed.R.Evid. 803(8)(B). The Second Circuit in *Oates* construes law enforcement personnel to include, "at the least, any officer or employee of a governmental agency which has law enforcement responsibilities," and concludes that the reports of such employees are not admissible against criminal defendants under any hearsay exception. 560 F.2d at 68, 77. *But see* 4 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶¶ 803(6)[07] at 803–207 (1984); *id.* § 803(8)[04] at 803–262 (criticizing *Oates* conclusion as unduly broad).

■ IRS agents appear to be law enforcement personnel under the test proposed in *Oates.* We need not go so far as the court did in *Oates*, however, to find the admission of the contact card improper in this case. Admission under the business records exception is not available to documents prepared for ultimate purposes of litigation, when offered by the party maintaining the documents. *Palmer v. Hoffman*, 318 U.S. 109, 113–15, 63 S.Ct. 477, 480–81, 87 L.Ed. 645 (1943); *Smith*, 521 F.2d at 965–67. The contact card was maintained as part of Bohrer's IRS case file. The IRS contact card thus appears to have been maintained, at least in part, for the purpose of prosecuting Bohrer for willfully refusing to file federal income tax returns. Introduction of such a record via a hearsay exception to establish willfulness raises the possibility of the "collision with confrontation rights" of a criminal accused that Congress intended to avoid by the specific language of Rule 803(8). Advisory Committee's Note, 56 F.R.D. 183, 313 (1973); *Oates*, 560 F.2d at 68–69, 78–80.

Circumstantially, the admission of the IRS contact card poses a situation "dripping with motivations to misrepresent." *Smith,* 521 F.2d at 966 (quoting *Hoffman v. Palmer,* 129 F.2d 976, 991 (2d Cir.1942), *aff'd,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943)).

█ Even if admission of the IRS contact card was error, that error was harmless. Bohrer had access to the contact card before trial, and could have cross-examined Van De Sande about it. If the contact card added anything to the controversy over the alleged conversation it helped Bohrer by showing the discrepancy between his telephone number and that called by Van De Sande. Defendant's cross-examination of Van De Sande is a more lengthy portion of the record than Van De Sande's very brief direct testimony; and, following introduction of the IRS contact card over defendant's objection, Bohrer once more took the stand to deny that the telephone conversation had taken place. There was other evidence of willfulness in Bohrer's filing of tax returns in prior years and his substantial income during the years he did not file returns. That evidence, if believed, would clearly establish the element of willfulness. On this record, we are satisfied that introduction of the contact card had no impact on the jury's deliberations adverse to Bohrer.

Finally, Bohrer contends that three jury instructions prejudicially placed matters before the jury that were not raised by evidence or argument. The instructions stated respectively that wages are income; that the amount of taxes actually due on income need not be proved; and that disagreement with the tax law or a belief that the tax law is unconstitutional is not a good-faith defense to willful failure to file tax returns. The record reveals that each of these instructions was relevant to the evidence raised at trial and discussed above. Bohrer's contentions with respect to the instructions are meritless.

AFFIRMED.