**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald W. DAWES and Phyllis C. Dawes, Defendants–Appellants.**

Nos. 88–2348, 88–2352.

United States Court of Appeals,
Tenth Circuit.

May 12, 1989.

As Amended June 20, 1989.
Rehearing Denied June 22, 1989.

Benjamin L. Burgess, Jr., U.S. Atty. and Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for plaintiff-appellee.

Donald W. Dawes and Phyllis C. Dawes, pro se.

Before MOORE, TACHA and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The causes are therefore ordered submitted without oral argument.

These are direct criminal appeals from the convictions of defendants (husband and wife) of three counts each of failure to file income tax returns for 1981 through 1983 in violation of 26 U.S.C. § 7203. Following a jury trial, defendants were convicted on all counts; each was subsequently sentenced as follows: one year imprisonment (Count I), suspended sentences with five years probation (Counts II and III), fines totalling $60,000, and costs of prosecution in the amount of $3,200.

The panel earlier stayed defendants' reporting date and directed the government to show cause why these convictions should not be reversed for noncompliance by the district court with the requirements of *United States v. Padilla,* 819 F.2d 952 (10th Cir.1987). In *Padilla,* we held that the trial judge must inform a pro se defendant of the dangers and disadvantages of proceeding without counsel in order for a waiver of counsel to be knowing and intelligent. *Id.* at 956–59. The government concedes that the district court did not ensure defendants' knowledge and understanding of the dangers of self-representation.

However, this does not end our inquiry. In *United States v. Gipson*, 693 F.2d 109, 112 (10th Cir.1982), *cert. denied*, 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983), we concluded that notwithstanding the failure of the trial judge to ensure the defendant's full understanding of the consequences of waiving counsel, examination of the record revealed no reasonable possibility Gipson would have been found not guilty had he been represented by counsel. We concluded that the error was therefore harmless beyond a reasonable doubt, citing *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). We have subsequently applied the harmless error test in reviewing a state conviction in which the defendant was not advised of the inherent difficulties of proceeding without counsel. *Sanchez v. Mondragon*, 858 F.2d 1462, 1468 (10th Cir.1988).

The Daweses were advised of their right to counsel at their initial appearance before the magistrate. At the arraignment, the magistrate suggested that the defendants retain counsel and specifically advised them that although they could represent themselves, they could not be represented by a nonlawyer.

The Daweses then retained counsel, but later filed a document entitled "disclaimer of actions of counsel," in which they made clear that their dissatisfaction with their attorneys stemmed from counsels' refusal to pursue issues the Daweses felt were important. This, along with their "notice of change of counsel," provides a clear expression of their intent to assume responsibility for and conduct their own defenses.

■ As will be seen, the issues, also outlined in a letter of dismissal from the Daweses to their attorneys, are without defensible legal foundation. There is no right to counsel who will blindly follow a defendant's instructions. *United States v. Padilla*, 819 F.2d at 956.

Thereafter, the Daweses filed numerous nontraditional, unconventional pleadings and motions, including a purported "specific power of attorney," appointing one Melvin White (a nonattorney they sought to have represent them) to exercise and perform all acts on their behalf in connection with the charges, including Mr. White's suffering the consequences of the Daweses' convictions. At the final status hearing before trial, defendants reiterated their intent to proceed pro se unless they could "find competent counsel that can do what we want them to do."

At the opening of trial, defendants again requested that Mr. White be allowed to be their "counsel," although he is not a member of the bar. The Daweses' theory was that they were entitled to counsel, and that they could "contract" with Mr. White to take their places in the proceeding. The court asked if their earlier statements that they would proceed with counsel if they could find competent counsel referred to their desire to have Mr. White as their counsel. Defendants replied yes. Thus, it is clear that defendants had no intention of retaining a licensed attorney to represent them; defendants wanted Mr. White and no one else to serve as their counsel. Given defendants' repeated insistence on Mr. White's serving as their counsel, it is clear that no inquiry or admonition by the district court as to the dangers of self-representation would have been availing.

■ There is no absolute constitutional right to counsel of one's choice. *United States v. Padilla*, 819 F.2d at 956; *United States v. Freeman*, 816 F.2d 558, 564 (10th Cir.1987) (citing cases); *United States v. McConnell*, 749 F.2d 1441, 1450 (10th Cir. 1984); *United States v. Nichols*, 841 F.2d 1485, 1502 (10th Cir.1988). Nor does a defendant have a constitutionally protected right to be represented by a person who is not admitted to the bar. *United States v. Nichols*, 841 F.2d at 1503; *United States v. Tedder*, 787 F.2d 540, 543 (10th Cir.1986); *United States v. Gigax*, 605 F.2d 507, 517 n. 1 (10th Cir.1979). Notwithstanding defendants' interpretation, "counsel" refers to a person authorized to practice law. *United States v. Brown*, 600 F.2d 248, 257 (10th Cir.), *cert. denied*, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979); *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir.1977), *cert. denied*, 434 U.S. 1012, 98

S.Ct. 725, 54 L.Ed.2d 755 (1978). Defendants had no right to representation by Mr. White.

■ Our examination of the record convinces us there is no reasonable possibility defendants would have been found not guilty had they been represented by counsel. *United States v. Gipson*, 693 F.2d at 112. Thus, under the facts of these cases, noncompliance with the requirements of *Padilla* was harmless error, and, based on the evidence, harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. at 24, 87 S.Ct. at 828; *Sanchez v. Mondragon*, 858 F.2d at 1468. Briefly we review that evidence, bearing in mind that the government was obligated to prove defendants were (1) required to file a return, (2) failed to do so, and (3) the failure was willful. 26 U.S.C. § 7203.

The government established that a search of the records at the IRS Service Center serving Kansas revealed no tax returns filed for defendants during the years in question. Through the Daweses' former accountant, the government also established that defendants had filed tax returns prepared by the accountant from 1976 to 1980 and that an employee in the accountant's office had contacted defendants in sufficient time to allow for preparation of their returns for 1981.

Additional testimony established income to defendants for the years in question from livestock sales, wheat sales, and dividends. Bank records reflected substantial financial transactions.

In addition, the Daweses participated in and received substantial low yield, deficiency, and storage payments through the Commodity Credit Corporation, which administers various payment programs under the farm bill then in effect.

Finally, the IRS case agent summarized the total income figures for each year from the various sources, adding up to a gross income for each of the three years in question ranging from over $190,000 to over $258,000. The estimated tax liabilities for these years ranged from $20,000 to $50,-000.

■ The testimony of defendants' former accountant that in years prior to 1981 defendants had filed tax returns is proper evidence of willfulness in failing to file returns, *United States v. Bohrer*, 807 F.2d 159, 161 (10th Cir.1986), as is evidence of substantial gross income during the years in which defendants failed to file. *Id.* at 161–62. *See also United States v. Payne*, 800 F.2d 227, 229 (10th Cir.1986).

■ The focus of the Daweses' determination that they are not required to file tax returns is their position that they cannot, based on religious beliefs, sign the Form 1040 because of the requirement that the return be made under penalty of perjury. This declaration they claim is an oath, which they say they are forbidden to take.

This argument is totally unsupported by the law. The Supreme Court in *United States v. Lee*, 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982), reversed a district court determination that defendant, a member of the Old Order Amish, was entitled to decline to withhold social security taxes from its employees and to pay the employer's share of the taxes. Recognizing that Amish religious principles might be offended, *id.* at 257, 102 S.Ct. at 1055, the Court determined that not all burdens on religion are unconstitutional, *id.*, and that because "the broad public interest in maintaining a sound tax system is of such high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *Id.* at 260, 102 S.Ct. at 1057. As relevant to these cases, the requirement that the tax return be signed under penalty of perjury is not an unconstitutional restriction on defendants' rights to freedom of religion, *Borgeson v. United States*, 757 F.2d 1071, 1073 (10th Cir.1985), or free speech, *Mosher v. IRS*, 775 F.2d 1292, 1294–95 (5th Cir.1985) (citing *Borgeson*), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986); *Hettig v. United States*, 845 F.2d 794, 795 (8th Cir.1988) (citing *Mosher* and *Borgeson*).

Defendants' other major argument was that the United States District Court for the District of Kansas lacked jurisdiction

over the charged offenses. This too is without merit.

▆ Under 18 U.S.C. § 3231, federal district courts have exclusive jurisdiction over "all offenses against the United States," including those crimes defined in Title 26 of the United States Code. *United States v. Tedder,* 787 F.2d at 542; *United States v. Studley,* 783 F.2d 934, 937 (9th Cir.1986); *United States v. Latham,* 754 F.2d 747, 749 (7th Cir.1985); *United States v. Spurgeon,* 671 F.2d 1198, 1199 (8th Cir. 1982). The Internal Revenue Code was validly enacted by Congress and is fully enforceable, *United States v. Studley,* 783 F.2d at 940; *see also, Wheeler v. United States,* 744 F.2d 292, 293 (2d Cir.1984). Venue is proper in the district of taxpayers' residence. *United States v. Garman,* 748 F.2d 218, 220 (4th Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1361, 84 L.Ed.2d 382 (1985); *United States v. Grabinski,* 727 F.2d 681, 684 (8th Cir.1984); *United States v. Rice,* 659 F.2d 524, 526 (5th Cir. 1981). *See also* 26 U.S.C. § 6091(b)(1)(A)(i).

▆ Defendants also claim that the charges should have been brought by indictment rather than information because failure to file tax returns is an infamous crime. The answer to this argument was concisely stated in *United States v. Kahl,* 583 F.2d 1351, 1355 (5th Cir.1978):

> An offense is defined as an infamous crime if the punishment for the offense includes the possibility of incarceration in a penitentiary. *Mackin v. United States,* 117 U.S. 348, 6 S.Ct. 777, 29 L.Ed. 909 (1886). A defendant who is sentenced to a term of imprisonment of one year or less can be sent to a penitentiary only if he consents. 18 U.S.C. § 4083. Since the maximum sentence for failure to file a tax return is one year, 26 U.S.C. § 7203, a person convicted for failure to file a return cannot be made to serve his sentence in a penitentiary. Thus, a charge of failure to file under § 7203 does not hold a plaintiff to answer for an infamous crime and does not require an indictment. *United States v. Pandilidis,* 524 F.2d 644, 649 n. 7 (6th Cir.1975), *cert. denied,* 424 U.S. 933, 96 S.Ct. 1146, 47

L.Ed.2d 340 (1976); *United States v. Jordan,* 508 F.2d 750, 752–53 (7th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975). Moreover, the fact that appellant here was sentenced to one year in prison on each count of the indictment does not convert the offense into an infamous crime. (Citation omitted.)

*See also United States v. Greenwood,* 812 F.2d 632, 635 (10th Cir.1987); *United States v. Ellsworth,* 738 F.2d 333, 334–35 (8th Cir.), *cert. denied,* 469 U.S. 1042, 105 S.Ct. 528, 83 L.Ed.2d 415 (1984); *United States v. Brewer,* 681 F.2d 973, 974 (5th Cir.1982); *United States v. Driscoll,* 612 F.2d 1155, 1156 (9th Cir.1980).

▆ Appellants argue that the prosecution was invalid because the information was not based on a determination of probable cause. However, a probable cause determination is not a prerequisite to the filing of an information itself. *United States v. Birkenstock,* 823 F.2d 1026, 1030–31 (7th Cir.1987); *United States v. Millican,* 600 F.2d 273, 276 (5th Cir.1979) (citing *Gerstein v. Pugh,* 420 U.S. 103, 125 n. 26, 95 S.Ct. 854, 869 n. 26, 43 L.Ed.2d 54 (1975)), *cert. denied,* 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). No probable cause requirement attaches to the issuance of a summons. *United States v. Bohrer,* 807 F.2d 159, 161 (10th Cir.1986). Moreover, because appellants were convicted, any possible defect in either the failure to file an information (either verified or supported by affidavit) was cured. *United States v. Millican,* 600 F.2d at 277–78; *cf. United States v. Saussy,* 802 F.2d 849, 851–52 (6th Cir.1986) (no requirement in statutes or rules for verification of information; *Millican* does not require probable cause hearing in connection with prosecution by information, but merely suggests advisability of hearing), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987). And, finally, defendants in this case were afforded a probable cause hearing prior to trial.

▆ The contention that appellants are not taxpayers because they are "free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of

header at top

Kansas" is frivolous. Individuals are "persons" under the Internal Revenue Code and thus subject to 26 U.S.C. § 7203. *United States v. Studley,* 783 F.2d at 937; *see also United States v. Rice,* 659 F.2d at 528.

Equally without merit is appellants' reliance on *Pollock v. Farmers' Loan & Trust Co.,* 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (initial decision), 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (decision on rehearing) (1895), as invalidating income tax absent apportionment. *See Charczuk v. Commissioner,* 771 F.2d 471, 472–73 (10th Cir.1985); (explaining *Pollock* and subsequent historical events); *United States v. Stillhammer,* 706 F.2d 1072, 1077–78 (10th Cir.1983) (sixteenth amendment passed to overrule *Pollock* ); *see also United States v. Lawson,* 670 F.2d 923, 927 (10th Cir. 1982).

Finally, appellants claim their sentences constitute cruel and unusual punishment. We disagree. The sentences are within the maximum allowable by statute and are thus not subject to appellate review. *Dorszynski v. United States,* 418 U.S. 424, 431, 94 S.Ct. 3042, 3047, 41 L.Ed. 2d 855 (1974); *United States v. Hack,* 782 F.2d 862, 870 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); *United States v. O'Driscoll,* 761 F.2d 589, 597 (10th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *United States v. Alberico,* 604 F.2d 1315, 1322 n. 19 (10th Cir.), *cert. denied,* 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed. 2d 422 (1979). In addition, the imposition of the costs of the prosecution is mandated by 26 U.S.C. § 7203. *United States v. Saussy,* 802 F.2d at 855; *United States v. Wyman,* 724 F.2d 684, 688 (8th Cir.1984); *United States v. Chavez,* 627 F.2d 953, 954–55 (9th Cir.1980), *cert. denied,* 450 U.S. 924, 101 S.Ct. 1376, 67 L.Ed.2d 353 (1981).

We have carefully considered all the appellants' other arguments and find the issues without merit.

The judgments of the United States District Court for the District of Kansas are AFFIRMED. All outstanding motions and petitions are denied, and the stay entered January 5, 1989, is vacated.