**Adrian Charles BANKS, Plaintiff,**

**v.**

**Robert E. RUBIN, Secretary of Treasury, Margaret Richardson, Commissioner of Internal Revenue, and Unknown Number of Internal Revenue Service Agents, Defendants.**

No. CIV. 97–B–2733.

United States District Court,
D. Colorado.

July 23, 1999.

Adrian Charles Banks, Golden, CO, for Plaintiff.

Arthur P. Yoon, U.S. Dept. of Justice, Tax Div., Washington, DC, for Defendants.

## ORDER

BABCOCK, District Judge.

This case is before the court on the magistrate judge's recommendation issued pursuant to order of reference under 28 U.S.C. § 636(b)(1)(A) and (B). The magistrate judge recommends that the motion of the United States to dismiss, filed March 9, 1999, be granted. She further recommends that plaintiff's complaint be dismissed in its entirety and that the following motions be denied: "Motion for Preliminary Injunction.," filed December 29, 1997; "Motion for Summary Judgment and Permanent Injunction," filed December 29, 1997; and "Motion for Default and Judgment on the Pleadings," filed April 20, 1998. The recommendations were issued and served on July 2, 1999.

Plaintiff has failed to file timely written objections to the magistrate judge's recommendations. Accordingly, plaintiff is barred from *de novo* review.

IT IS ORDERED that the motion of the United States to dismiss is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED in its entirety.

IT IS FURTHER ORDERED that the following motions are DENIED: Motion for Preliminary Injunction; Motion for Summary Judgment and Permanent Injunction; and Motion for Default and Judgment on the Pleadings.

IT IS FURTHER ORDERED that any outstanding motion not specifically addressed in this order is deemed DENIED.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COAN, United States Magistrate Judge.

The matters before the court are plaintiff's "Motion for Preliminary Injunction" [filed December 29, 1997]; plaintiff's "Motion for Summary Judgement and Permanent Injunction" [filed December 29, 1997]; United States' Motion to Dismiss [filed March 9, 1999]; and plaintiff's "Motion for Default and Judgement on the Pleadings" [filed April 20, 1998]. An Order of Reference under 28 U.S.C. § 636(b)(1)(A) and (B) referred this case to the undersigned magistrate judge on February 25, 1999 to issue recommendations for rulings on dispositive motions. The court has determined that oral argument would not materially assist the recommendation.

### I.

Plaintiff, *pro se,* filed his complaint on December 29, 1997 against the Secretary of the Treasury, the Commissioner of the Internal Revenue Service ("IRS") and unknown IRS agents, seeking redress for "injuries to his constitutionally protected right to labor" (Complaint, p. 1). Plaintiff alleges that unknown IRS agents directed Hatcher Construction Services, an employer of contract laborers, to withhold thirty-one percent of plaintiff's compensation from his paycheck and to remit that amount to the IRS as federal income tax owed by plaintiff (Complaint, p. 3 and attached Ex. C). Plaintiff further alleges the president of Hatcher Construction Services informed plaintiff that his labor services were no longer needed because Hatcher did not want to become involved in a legal dispute with the plaintiff or the IRS based on the company's compliance or non compliance with the IRS directive (Complaint, p. 4). Plaintiff asserts that the defendants have violated his Thirteenth Amendment right to be free from involuntary servitude, and his Fifth, Ninth, and Fourteenth Amendment rights to contract his labor without arbitrary interfer-

ence from the government. Plaintiff asserts that the IRS lacks constitutional or statutory authority to impose an income tax on the "fruits of his labor" and that the executive branch of the federal government is denied taxing powers under Article I, § 8 of the Constitution. Plaintiff seeks damages against the individual defendants for violating his constitutional rights and an injunction to prevent the IRS from assessing and collecting income tax on money earned by him through the performance of physical labor.

## II.

Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for insufficiency of service of process, under Fed.R.Civ.P. 12(b)(1) and (5). On a motion to dismiss a complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, the court must accept the factual allegations regarding jurisdiction as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

Further, the court must liberally construe plaintiff's *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court may dismiss a *pro se* complaint, however, where it is " 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997)(quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).

## III.

The court first addresses defendants' argument that this court lacks subject matter jurisdiction over plaintiff's claims.[1]

Defendants argue that plaintiff's claims for injunctive relief are barred by the Anti–Injunction Act, 26 U.S.C. § 7421. The Anti–Injunction Act generally prohibits a suit to restrain the assessment or collection of taxes. *Wyoming Trucking Association, Inc. v. Bentsen*, 82 F.3d 930, 932 (10th Cir.1996). The purpose of the Anti–Injunction Act is to allow the government to conduct its business expeditiously in the assessment and collection of taxes without judicial intervention and to require that a taxpayer challenging the assessment and collection of taxes against him must first file a claim for a refund with the IRS. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *Wyoming Trucking Assoc., Inc.*, 82 F.3d at 933. If the taxpayer does not prevail in the administrative proceeding, he may then file a suit for a refund in federal district court. *See* 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1).

Plaintiff seeks to enjoin the IRS' assessment of federal income tax against him, but has not challenged the assessment through administrative procedures. Accordingly, plaintiff's claims for injunctive relief are barred by the Anti–Injunction Act and should be dismissed for lack of subject matter jurisdiction.[2] The fact that plaintiff has styled his claims as constitutional violations does not mandate a different result. "[T]he constitutional nature of the taxpayer's claim, as distinct from its probability of success, is of no consequence under the Anti–Injunction Act.' " *Wyoming Trucking Assn., Inc.*, 82 F.3d at 933 (quoting *Alexander v. Ameri-*

---

1. It appears that there are deficiencies in plaintiff's service of process upon the individual defendants. Generally, when defective service is raised as a ground for dismissal of the complaint, the court should afford plaintiff the opportunity to cure the defect. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, p. 282 (2d ed.1990). An opportunity to cure defects in

service is not warranted, however, if the court lacks subject matter jurisdiction over the claims asserted against the defendant.

2. Plaintiff does not allege facts to show that any statutory or judicially-created exceptions to the Anti–Injunction Act are applicable to his case.

*cans United, Inc.,* 416 U.S. 752, 759, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974)).

 Defendants also contend that the court lacks subject matter jurisdiction over plaintiff's claims for damages arising from alleged constitutional violations by the individual defendants acting in their individual capacities. Plaintiff asserts that his claims are cognizable under *Bivens v. Six Unknown Named Agents* (*"Bivens"*), 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)(recognizing that in certain circumstances, federal officials may be held personally liable for monetary damages arising out of their commission of constitutional violations). Plaintiff's claims are foreclosed by Tenth Circuit Court of Appeals' decisions which have declined to recognize a *Bivens* remedy for claims that an IRS agent violated a taxpayer's constitutional rights concerning the assessment or collection of taxes because the Internal Revenue Code contains a comprehensive administrative remedial scheme to protect the rights of taxpayers. *National Commodity and Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1248 (10th Cir.1989); *Dahn v. United States,* 127 F.3d 1249, 1254 (10th Cir. 1997). Further, to the extent plaintiff seeks monetary relief against the defendants in their official capacities as agents or employees of the IRS, those claims are construed as claims against the United States. *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989). The United States is not subject to suit absent an express statutory waiver of its sovereign immunity. *Id.* (citing *Kentucky v. Graham,* 473 U.S. at 165–67, 105 S.Ct. 3099).

The United States and its agencies have not waived sovereign immunity for *Bivens*-type claims. *Dahn,* 127 F.3d at 1254. Accordingly, the court recommends that plaintiff's constitutional claims against defendants in their individual and official capacities be dismissed for lack of subject matter jurisdiction.

The court further notes that plaintiff's prolix pleadings are subject to dismissal on the ground that plaintiff's challenges to the federal government's constitutional and statutory authority to impose and collect income taxes are frivolous. It is well-established that the IRS has the authority to tax plaintiff's income derived from labor. The Tenth Circuit Court of Appeals' has specifically addressed and rejected the following arguments advanced by the plaintiff: the Sixteenth Amendment to the Constitution does not authorize the imposition of a tax upon the income of individuals, but only the income of business enterprises; Congress has no authority under Article I, § 8 of the Constitution to impose an income tax; the IRS has no statutory authority to impose an income tax on individuals; the term "income" as used in the Internal Revenue Code is unconstitutionally vague; wages are not income; and, payment of income tax is voluntary. *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990); *United States v. Dawes,* 874 F.2d 746, 750 (10th Cir.1989), *over-ruled, in part, on other grounds, United States v. Allen,* 895 F.2d 1577 (10th Cir.1990); *Charczuk v. Comm'r of Internal Revenue,* 771 F.2d 471, 472–74 (10th Cir. 1985); *United States v. Stillhammer,* 706 F.2d 1072, 1077 (10th Cir.1983).[3]

---

3. Plaintiff also asserts that the IRS attempted to levy his wages from Hatcher Construction without complying with the procedural requirements of 26 U.S.C. § 6331 (Complaint, p. 3). The Notice which Hatcher Construction Services received from the IRS, attached to plaintiff's complaint as Ex. C, states, in pertinent part:

Enclosed is a list of payees for whom you filed a Form 1099B, INT, DIV, OID, PATR, or MISC for tax year 1995 with a missing taxpayer identification number (TIN) or with an incorrect name of TIN...

If a payee account is shown on the list as having a missing TIN, you should already be backup withholding at 31% as required by law. If an account has an incorrect name or TIN, and you can't correct it, the law requires you to notify the payee (by sending a B Notice) that you will begin withholding at 31%.

Thus, contrary to plaintiff's allegations, the IRS did not levy plaintiff's wages, and 29 U.S.C. § 6331 is not implicated.

## IV.

For the reasons set forth above, it is

RECOMMENDED that United States' Motion to Dismiss [filed March 9, 1999] be GRANTED. It is

RECOMMENDED that plaintiff's complaint be DISMISSED in its entirety. It is further

RECOMMENDED that the following motions be DENIED: "Motion for Preliminary Injunction" [filed December 29, 1997]; "Motion for Summary Judgement and Permanent Injunction" [filed December 29, 1997]; and "Motion for Default and Judgement on the Pleadings" [filed April 20, 1998].

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**