**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL KENNETH CROMAR; BARBARA
ANN CROMAR,

    Defendants - Appellants,

and

UTAH HOUSING FINANCE AGENCY;
UNIVERSAL CAMPUS FEDERAL
CREDIT UNION; STATE OF UTAH
TAX COMMISSION; UTAH COUNTY,

    Defendants.

No. 19-4075
(D.C. No. 2:17-CV-01223-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Paul and Barbara Cromar, proceeding pro se,[1] appeal from the district court's orders granting default judgment to the United States on Mr. Cromar's federal income tax liabilities and foreclosing federal tax liens through a sale of his real property. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Cromar did not file federal income tax returns for the 1999 through 2005 tax years and did not comply with requests for documentation by the Internal Revenue Service (IRS). The United States filed an action against Mr. Cromar in 2017, seeking to reduce to judgment assessments against him for unpaid income taxes and to foreclose tax liens through a sale of his real property in Cedar Hills, Utah. The complaint also named as defendants those with a potential interest in the property, including Mrs. Cromar, governmental entities, and a lending institution.

The Cromars refused to answer the complaint and, instead, challenged the district court's subject-matter jurisdiction and the government's constitutional taxing authority. After denying several such motions and objections, the court directed them to answer the complaint and warned of possible sanctions if they continued filing frivolous motions. Undeterred, the Cromars continued raising the same jurisdictional arguments and refused to answer the complaint, even though the court gave them multiple extensions of time. After rejecting the Cromars' motions and objections, the district court granted the government's motion for entry of default

---

[1] "[W]e liberally construe" the Cromars' pro se briefs, "but we will not act as [their] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

judgment. The Cromars moved to vacate the judgment based on the same jurisdictional arguments. The district court denied the motion and entered an order restricting their ability to file further documents without seeking and obtaining leave.

In its February 2019 order granting the government's motion for default judgment, the district court decreed: (1) Mr. Cromar owed more than $1 million in tax liabilities; (2) his tax liabilities generated statutory liens on his property; and (3) Mrs. Cromar, by virtue of her default, lacked an interest in the property.[2] After the Cromars filed an interlocutory appeal, which we dismissed for lack of jurisdiction, the district court entered an Order of Foreclosure and Judicial Sale, decreeing that the tax liens be foreclosed and that Mr. Cromar's property be sold free and clear of any liens or other interests. The order also set procedures for the sale and distribution of the proceeds and ordered the Cromars to vacate the property or be evicted. This appeal followed.[3]

## DISCUSSION

The Cromars contend: (1) the district court erred in granting default judgment to the United States because it lacked subject-matter jurisdiction and because the

---

[2] The court also entered default judgment against a lending institution that failed to answer the complaint. The other named defendants either disclaimed an interest in the property or entered into a stipulation with the government.

[3] While this appeal was pending, the Cromars filed several motions to stay the district court proceedings, including: (1) to prevent the foreclosure and sale; (2) to have their occupancy of the property restored; and (3) to prevent the district court from confirming the sale and distributing the proceeds. We denied the first two motions by separate orders, and we now deny the third motion, as noted below.

government lacks the authority to impose and collect federal income taxes; (2) the district court denied the Cromars due process by not conducting a hearing prior to ordering the sale of Mr. Cromar's property; and (3) the district court lacked subject-matter jurisdiction to order the Cromars evicted from the property. Reviewing these questions of law de novo, *see Chevron Mining Inc. v. United States*, 863 F.3d 1261, 1269 (10th Cir. 2017), we conclude the Cromars' contentions are frivolous.

First, the district court properly noted it had subject-matter jurisdiction under 28 U.S.C. § 1340 (giving district courts jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue"), 28 U.S.C. § 1345 (giving district courts jurisdiction over "all civil actions . . . commenced by the United States"), 26 U.S.C. § 7402 (giving district courts jurisdiction to render judgments "for the enforcement of the internal revenue laws" and cross-referencing 28 U.S.C. § 1340), and 26 U.S.C. § 7403 (giving district courts jurisdiction over an action to enforce a tax lien). The Cromars contend these statutes are "vague and non-specific," Aplt. Opening Br. at 8, and apply only to "the enforcement of the indirect Excise taxation of commodities and articles of commerce," Aplt. Reply Br. at 8 (emphasis omitted). But they offer no coherent analysis, let alone authority, to support such contentions. "The court will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (internal quotation marks omitted).

4

Next, in contesting the government's authority over income tax laws, the Cromars argue the district court should have required the government to identify "the specific constitutional power to tax that is being exercised and pursued by the plaintiff for enforcement by the court." Aplt. Opening Br. at 5 (emphasis omitted). Specifically, they contend the government needed to identify whether the income tax was direct, and thus invalid without apportionment among the states, *see* U.S. Const. art. I, §§ 2, 9, or indirect, and not subject to apportionment, *see id.* § 8.

As the government correctly notes, we have recognized "the Sixteenth Amendment to the Constitution authorized a non-apportioned direct income tax on United States citizens and that the federal tax laws as applied are valid." Aplee. Br. at 14 (citing *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)).[4] *See generally* U.S. Const. amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."). We also have found to be frivolous arguments similar to the Cromars' contentions—that "the income tax is a direct tax which is invalid absent apportionment" or that "the Sixteenth Amendment to the Constitution is . . . invalid." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

---

[4] The Cromars insist *Collins* was "erroneously" decided. Aplt. Reply Br. at 7. But that is not for us to consider. *See United States v. Gaines*, 918 F.3d 793, 796 n.3 (10th Cir. 2019) (noting one panel cannot "overrule another").

Ultimately, "[i]t is unnecessary to delve into the difficult question of the distinction between direct and indirect taxes because," either under the Sixteenth Amendment or Supreme Court cases pre-dating the amendment, "Congress has the power to tax the income of individuals." *United States v. Stillhammer*, 706 F.2d 1072, 1077 (10th Cir. 1983); *see also Charczuk v. Comm'r*, 771 F.2d 471, 473 (10th Cir. 1985) (holding "*there is no question* but that Congress has the constitutional authority to impose an income tax"). We reiterate: "The Internal Revenue Code was validly enacted by Congress and is fully enforceable." *United States v. Dawes*, 874 F.2d 746, 750 (10th Cir. 1989), *overruled in part on other grounds by United States v. Allen*, 895 F.2d 1577 (10th Cir. 1990). Accordingly, the Cromars' strained argument regarding direct and indirect taxation is without merit.

Next, the Cromars contend their due process rights were violated when the district court did not conduct an additional hearing prior to ordering the sale of Mr. Cromar's real property. Specifically, they argue the court failed to conduct a pre-sale hearing required by 28 U.S.C. § 2001(b). Section 2001 establishes procedures for the judicial sale of realty, but subsection (b) applies only to private sales. *See* 28 U.S.C. § 2001(b) (requiring a hearing prior to the court "order[ing] the sale of such realty or interest or any part thereof at *private* sale" and imposing conditions that must be satisfied "[b]efore confirmation of any *private* sale" (emphasis added)). The district court ordered Mr. Cromar's property auctioned at a public sale. *See* 28 U.S.C. § 2001(a) (providing "[a]ny realty or interest therein sold under any order or decree of any court of the United States shall [generally] be

6

sold . . . at *public* sale" (emphasis added)); *see also id.* § 2002 (providing notice

requirements for "[a] public sale of realty or interest therein under any order,

judgment or decree of any court of the United States"). The Cromars' reliance on

28 U.S.C. § 2001(b) is misplaced.

Similarly, the Cromars contend they were not given notice under

28 U.S.C. § 3202(b) of the right to a pre-sale hearing under § 3202(d). But those

provisions of the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C.

§§ 3001-3308, do not apply to a proceeding to collect income taxes brought under

26 U.S.C. §§ 7402 and 7403, *see* 28 U.S.C. § 3001(b) ("To the extent that another

Federal law specifies procedures for recovering on a claim or a judgment for a debt

arising under such law, those procedures shall apply to such claim or judgment to the

extent those procedures are inconsistent with this chapter."); *id.* § 3003(b)(1) (noting

the FDCPA does not limit the government's right "to collect taxes"). The Cromars'

claim that they were denied due process when the court failed to conduct a pre-sale

hearing lacks merit.[5]

Finally, the Cromars contend the district court lacked jurisdiction to evict

them. They argue, without authority, that "[e]victions from property located within a

State of the United States of America are of course a matter of state law, not federal,

---

[5] The Cromars also allege "they have never been allowed . . . a single appearance or hearing in the entire civil action." Aplt. Reply Br. at 26 (emphasis omitted). But that plainly is incorrect. *See* R. Vol. I at 163-72 (transcript of initial pretrial conference, reflecting the Cromars appeared by telephone and repeated the arguments they made in their previously denied motion to dismiss).

unless the property is already owned or legally controlled by the United States."

Aplt. Opening Br. at 25 (emphasis omitted).  But in ordering the sale of property

encumbered by a tax lien, *see* 26 U.S.C. § 7403(c), the district court had the authority

to condition the sale "upon such terms and conditions as the court directs," 28 U.S.C.

§ 2001(a), and "to render such judgments and decrees as may be necessary or

appropriate for the enforcement of the internal revenue laws," 26 U.S.C. § 7402(a).

The district court, therefore, had jurisdiction to require the Cromars to vacate the

property and to order their removal if they refused to comply.

## CONCLUSION

The district court's orders are affirmed.  The Cromars' "Motion for Leave to

File Motion to Take Judicial Notice of Law" is denied.[6]  Their "Motion for Leave of

the Court to Exceed Briefing Page Limitation" is granted, and their corresponding

"Motion to Enjoin Further Process in the District Court Pending Resolution of

Appeals and the Subject-Matter Jurisdiction Question" is denied as moot.

Entered for the Court

Joel M Carson III
Circuit Judge

---

[6] In their motion for judicial notice, the Cromars request we take notice of *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1 (1916).  But the Cromars already cited *Brushaber* in their briefs.  And to the extent this sixteen-page motion raises arguments ostensibly based on *Brushaber*, it is an impermissible attempt to evade the length-limitations on their reply brief.