**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald K. TURNER,**
**Defendant-Appellant.**

**No. 85–2833.**

United States Court of Appeals,
Tenth Circuit.

Aug. 26, 1986.

Brian K. Holland, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on brief), Denver, Colo., for defendant-appellant.

Thomas M. O'Rourke, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on brief), Denver, Colo., for plaintiff-appellee.

Before BARRETT, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a trial to the court, Donald K. Turner was convicted on three counts of tax fraud. The first two counts charged Turner with willfully evading federal income tax for the years 1978 and 1979 in violation of 26 U.S.C. § 7201. The third count charged Turner with willfully making a false statement on his federal income tax return for the year 1980 in violation of 18 U.S.C. § 1001. Turner was sentenced to four years imprisonment on each of the first two counts, such sentences to be served concurrently. On count three, Turner was placed on probation for five years to begin after his release from custody. Turner appeals his convictions, and urges three grounds for reversal: (1) denial of his pretrial motion to dismiss based on prosecutorial misconduct before the grand jury; (2) insufficient evidence of "willfulness" to violate tax laws; and (3) admission of certain documents which tended to show the commission by Turner of other crimes, wrongs or acts. We are not persuaded and therefore affirm.

Turner stated in his 1978 tax return that his gross income for the year was $787.31 and that he owed no taxes. Turner did not file a 1979 tax return. In his 1980 return, Turner stated his gross income to be $9,768 with no tax liability. An expert witness for the government testified that Turner's gross income in 1978 was $80,795.45, resulting in a tax liability of $30,086.08; that his gross income in 1979 was $79,245.97, resulting in a tax liability of $13,922.48; and that his gross income for 1980 was at least $40,381.40.

In 1976, Turner purported to establish a church with himself as its minister and "executive trustee." The first step in furtherance of this goal occurred when Turner purchased a charter for the Life Science Church from two persons who held a meeting on how to form a church in a motel in Wyoming. In connection with his purchase of this charter, he was advised to use the tax identification number 94–1599959, which was said to be registered with the Internal Revenue Service to the Universal Life Church of Modesto, California. Turner later changed the name of his "church" from Life Science Church to New Life Evangelistic Association, and still later to New Life Chapel, and operated the church out of his residence in Littleton, Colorado, and, for a time, out of an office which he leased.

Turner's church activities consisted mainly of promoting and selling "foreign business trusts" under the business names of North American Research Association and American Law Association, holding himself out as a financial planner and adviser on the tax aspects of trusts, and conducting seminars and assisting clients in establishing trusts designed to avoid or minimize income and estate taxes. For his services, Turner collected monetary fees in cash or cashier's checks, some of which were made payable to the church. It was the government's theory of the case that monies thus received by Turner were taxable income. It was Turner's theory of the case that the monies he received were for the church and therefore not taxable, and that he had been so advised by others, including several lawyers. It was on this general state of the record that the trial court convicted Turner of the crimes charged.

■ Prior to trial, Turner filed a motion to dismiss the indictment on the ground that prosecutorial misconduct occurred in the hearings before the grand jury which indicted him. The trial judge, the Honorable John L. Kane, Jr., conducted an evidentiary hearing on the matters raised by the motion to dismiss and then denied the motion. Judge Kane's Memorandum Opinion and Order denying the motion to dismiss appears as *United States v. Turner*, 620 F.Supp. 525 (D.C.Colo.1985). In his Memorandum Opinion, Judge Kane carefully examined each of the specific instances of claimed prosecutorial misconduct and rejected all, recognizing that dismissal of a grand jury indictment on the grounds of prosecutorial misconduct is an extraordinary remedy. *See United States v. Pino*, 708 F.2d 523, 530 (10th Cir.1983). There is no need to repeat here that which has already been so well said by Judge Kane. It is sufficient to say we are in complete accord with Judge Kane on this matter. *See also United States v. Anderson*, 778 F.2d 602 (10th Cir.1985).

Turner also asserts that there is insufficient evidence of "willfulness" on his part to violate any tax law.[1] On appeal following a conviction, we must view the evidence, both direct and circumstantial, together with all reasonable inferences to be drawn therefrom, in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Hooks*, 780 F.2d 1526, 1529 (10th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986). It is not the function of the appeals court to weigh conflicting evidence or to consider the credibility of witnesses. *United States v. Petersen*, 611 F.2d 1313, 1317 (10th Cir.1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980). The evidence is sufficient if it supports "any rational determination of guilty beyond a reasonable doubt." *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *Glasser v. United States*, 315 U.S. at 80, 62 S.Ct. at 469.

■ In this regard, it is agreed that a subjective good faith misunderstanding of the law is a valid defense in a criminal tax prosecution. *See United States v. Phillips*, 775 F.2d 262, 264 (10th Cir.1985); *United States v. Aitken*, 755 F.2d 188 (1st Cir.1985). The trial court specifically recognized the rule of *Phillips* and found that there simply was *no* subjective good faith misunderstanding on the part of Turner. The determination of whether a defendant acted in good faith is a matter for the fact finder, *United States v. Peister*, 631 F.2d 658, 663, 664 (10th Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981), and the evidence surrounding the finding and the credibility of the witnesses cannot be reweighed on appeal. Certainly the record supports the finding that Turner had no good faith misunderstanding. The fact that Turner may have testified that he did in fact have a personal belief that he was not violating the tax laws is not deci-

1. The Supreme Court has defined willfulness as an "intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Aitken*, 755 F.2d 188, 191 (1st Cir.1985).

sive. The proper inquiry is whether he actually misunderstood his tax obligations. *See United States v. Harrold*, 796 F.2d 1275, 1285 (10th Cir.1986). Circumstantial evidence was all to the contrary. In this connection, Judge Kane made the following pertinent findings:

> I've carefully reviewed all of the evidence submitted and listened to the testimony of the witnesses and taken notes which I have reviewed. I reach two basic conclusions, and I am confining my judgment solely to the evidence which was admitted. The totality of that evidence shows me, first, that the efforts of this defendant to avoid accurate reporting and payment of federal income tax was to create a sham. Second, the totality of the evidence, including the defendant holding himself out to the public as a tax expert or financial planner, the use of bank accounts, the use of cash transactions, the sale of memberships in tax avoidance organizations, the rental of business office space and equipment, the purchase and lease of luxury items, the utter absence of any form of organization, structure, community or programming normally found in religious organizations, and the retention of all control by the defendant over the conduct of his affairs, leads me to the inescapable conclusion that this defendant did not entertain a good faith belief that his conduct was lawful or a good faith misunderstanding as to the requirements of the law.

Turner's final ground for reversal relates to the admission, over objection, of a driver's license and certain real estate documents.[2] There was, at a minimum, misinformation on the driver's license and on the real estate documents, all of which had emanated from Turner, and the government argued that such tended, along with other evidence, to show "willfulness" on Turner's part. Turner's position was, and is, that this misinformation on the driver's

license and real estate documents perhaps tended to show the commission of some other offense by him and that under Rule of Evidence 404(b) the documents were inadmissible.

■ A trial court's decision regarding the admissibility of evidence will be overturned only if it is clearly erroneous or an abuse of discretion. *United States v. Rothbart*, 723 F.2d 752, 755 (10th Cir.1983); *United States v. Neal*, 718 F.2d 1505, 1509–10 (10th Cir.1983), *cert. denied*, 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984). Evidence having any tendency to make the existence of any fact of consequence to the action more or less probable is relevant evidence, Fed.R.Evid. 401, and relevant evidence of other crimes or wrongs may be admitted under Rule 404(b) unless it is introduced solely to prove criminal disposition, *United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir.1983), or its prejudice to the defendant substantially outweighs its probative value. *United States v. Cook*, 745 F.2d 1311, 1317–18 (10th Cir.1984), *cert. denied*, 469 U.S. 1220, 105 S.Ct. 1205, 84 L.Ed.2d 347 (1985). *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 475 (1979); *United States v. Dixon*, 698 F.2d 445, 447 (11th Cir.1983); Fed.R.Evid. 403.

■ We find no error in the admission of the exhibits. Such evidence was probative on the issue of willfulness. *See Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943), and it was not admitted to prove criminal disposition. Further, this was a trial to the court sitting without a jury, and Turner has made no showing that the evidence was prejudicial and should have been excluded under Rule 403. There is nothing to indicate that Judge Kane adjudged Turner guilty of tax violation because Turner had used a false

---

**2.** Three driver's licences which Turner had used in the past were actually admitted. One of them showed a different middle name and date of birth than the others and the photograph apparently made Turner look different. Turner objected only to the admission of the one having incorrect information.

driver's license or had purchased a home under a fictitious name.

Judgment affirmed.