**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald G. FINGADO,
Defendant–Appellant.**

No. 89–2318.

United States Court of Appeals,
Tenth Circuit.

June 4, 1991.

Teresa E. Storch, Asst. Federal Defender, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and Paula G. Burnett, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before ANDERSON, SETH, and EBEL, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Donald Fingado appeals his conviction for three counts of willful failure to file an income tax return for the years of 1981, 1982 and 1983 in violation of 26 U.S.C. § 7203. We affirm.

Fingado contends that the district court order affirming the jury's determination of guilt before the magistrate should be reversed. He argues that he was deprived of his due process right to a fair trial because the trial court excluded the substance of information contained in an exhibit, admitted evidence regarding Fingado's failure to file income tax returns for the years 1974 to 1980, and improperly gave a "deliberate ignorance" instruction. He also argues that there was insufficient evidence to support the conviction.

## I.

### EXCLUSION OF SUBSTANCE OF INFORMATION CONTAINED IN EXHIBIT

Fingado argues that he was denied his right to due process when the trial court prohibited him from testifying about the contents of an admitted, but sealed, exhibit. We disagree.

Fingado offered into evidence a book entitled *The Big Bluff, Tax Tyranny in the Guise of the Law, The Constitution v. The Tax Collector*, by Art Marvin Cooley, to support his defense that he had a good faith misunderstanding of the law and honestly believed that he was not required to file tax returns. The book was admitted, but taped shut so that the jury could not review its contents. The book described, among other things, a successful civil case history upon which Fingado allegedly relied in forming his belief that he was not required to pay taxes. The court prohibited Fingado from testifying about the case, ruling that the result of other litigation was irrelevant and improper to go to the jury.

■ The admission of evidence is a matter within the trial court's discretion. *United States v. Harrold*, 796 F.2d 1275, 1285 (10th Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987). We will reverse only if the exclusion of the evidence is so significant that it results in "actual prejudice" because it has a "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Vreeken*, 803 F.2d 1085, 1090 (10th Cir.1986) (quoting *United States v. Lane*, 474 U.S. 438, 106 S.Ct. 725, 731, 88 L.Ed.2d 814 (1986)), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987).

■ Fingado admits that he "testified at length concerning his sincere belief, based on his exposure to various documents and speakers, that he was not required to file tax returns." Appellant's Brief at 20. In addition, he submitted numerous exhibits showing the basis for his belief including a

packet of material he had received at a seminar, one of Mr. Cooley's tax returns upon which Fingado modeled his own 1974 return, and a statement purportedly made by the Internal Revenue chief in California in a 1975 UPI newspaper article which Fingado interpreted to mean that he did not need to file. It is unlikely that this testimony would have significantly added to the evidence or swayed the jury's determination of Fingado's sincerity in his belief. Since Fingado "was able to submit the substance of his good-faith theory to the jury," any error from the exclusion of the testimony was harmless.[1] *United States v. Harrold,* 796 F.2d at 1284–85.

## II.

## ADMISSION OF EVIDENCE OF FAILURE TO FILE IN PRIOR YEARS

■ Fingado argues that the magistrate erred in admitting evidence that he had failed to file tax returns in the years prior to those for which he was charged. We disagree.

The government introduced evidence relating to Fingado's failure to file tax returns from 1974 to 1980 under Fed.R.Evid. 404(b) which allows the admission of evidence of prior bad acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fingado contends that the trial court should not have admitted the evidence because the government had failed to satisfy its burden of identifying the particular 404(b) issues for which the evidence was offered and articulating the inferences to be drawn from the evidence, as required by *United States v. Kendall,* 766 F.2d 1426, 1436–37 (10th Cir.1985),

*cert. denied,* 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986). However, "if the transcript reflects that the 'decision to admit' was proper under the requirements of *Huddleston* [*v. United States*], [485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988),] any failure to adhere to *Kendall* will necessarily be harmless." *United States v. Porter,* 881 F.2d 878, 885 (10th Cir.1989) (quoting *United States v. Record,* 873 F.2d 1363, 1375 n. 7 (10th Cir.1989)), *cert. denied,* —— U.S. ——, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *see United States v. Doran,* 882 F.2d 1511, 1523–24 (10th Cir. 1989).

On review of the record, we find that the admission of the evidence complied with the four *Huddleston* requirements. *Huddleston v. United States,* 485 U.S. at 691–92, 108 S.Ct. at 1502. First, the evidence was offered for a proper purpose—to establish Fingado's willfulness in failing to file his tax returns between 1981 and 1983.

Second, the evidence was relevant to resolving a material issue in controversy—whether Fingado knew of his duty to file and willfully failed to do so. Evidence of failure to file in prior years is relevant to the issue of willfulness. *United States v. Bohrer,* 807 F.2d 159, 161 (10th Cir.1986) (citing *United States v. Weninger,* 624 F.2d 163, 167 (10th Cir.), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980)).

Third, the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice. While the district court did not expressly rule on the probativeness of the evidence, it did so implicitly. Defense counsel objected to the evidence, in part, because it was unfairly prejudicial. The court was, therefore,

---

**1.** Fingado argues that the recent Supreme Court decision, *Cheek v. United States;* —— U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), requires the trial court to permit him to testify as to anything bearing on the reasonability of his belief. While acknowledging that reasonableness of belief may bear on the jury's determination of the defendant's sincerity, *Cheek* did not require the admission of any and all evidence showing a basis for the defendant's beliefs. The Supreme Court held only that the jury should be instructed to determine the defendant's willful-

ness on a subjective standard and stated that otherwise admissible evidence showing the defendant's "awareness" of "court decisions rejecting his interpretation of the tax laws" may properly be considered in making that determination. *Cheek v. United States,* 111 S.Ct. at 611. The Court, however, did not *require* the admission of these types of legal documents or testimony regarding their contents but rather left the determination of admissibility within the trial court's discretion.

"aware of its duty to make such a determination." *United States v. Porter*, 881 F.2d at 887. By denying the motion to exclude the evidence, the court, in essence, rejected the defendant's prejudice argument. We do not find that such a determination was an abuse of discretion.

And, fourth, since Fingado did not request a limiting instruction, the magistrate was not required to give one.

██ Although all four *Huddleston* requirements were met, Fingado goes on to argue that the jury instruction given at the end of trial was overly broad and inadequately identified the 404(b) issue for which the evidence was admitted.[2] However, since Fingado failed to object to the instruction at trial, we will not consider his challenge to the language of the instruction "unless plain error amounting to a denial of a fundamental right of the accused is demonstrated." *United States v. Doran*, 882 F.2d at 1525; *see United States v. Hiland*, 909 F.2d 1114, 1130 (8th Cir.1990). Even if the instructions were imperfect, the defect clearly does not rise to the level of plain error. Indeed, viewing the instructions as a whole, we find that the jury was fully and adequately instructed on the proper use of the prior bad acts evidence.

Thus, the admission of evidence of Fingado's failure to file in years prior to the years charged was proper.

### III.

### DELIBERATE IGNORANCE INSTRUCTION

The trial court, at the government's request, gave the jury a deliberate ignorance instruction. The instruction stated:

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an in-

ference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.

It is entirely up to you as to whether you find any deliberate closing of eyes, and the inference to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

The required knowledge is established if the accused is aware of a high probability of the existence of the fact in question unless he actually believes it does not exist.

Tr. Vol. III at 12–13. Fingado argues that the evidence was insufficient to warrant giving the deliberate ignorance instruction. He also contends that the instruction allowed the jury to convict him solely because he should have known that his failure to file tax returns was illegal. We disagree.

██ The deliberate ignorance instruction may be given when the evidence before the jury supports a finding of intentional avoidance of knowledge. *United States v. Glick*, 710 F.2d 639, 642 (10th Cir.1983), *cert. denied*, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984); *United States v. Caliendo*, 910 F.2d 429, 433 (7th Cir.1990); *United States v. Hiland*, 909 F.2d 1114, 1131 (8th Cir.1990). In assessing the propriety of the instruction, we must view the evidence in the light most favorable to the government. *United States v. Caliendo*, 910 F.2d at 433–34; *United States v. Hiland*, 909 F.2d at 1131.

██ The record supports a finding that Fingado was aware of a high probability that his understanding of the tax laws was erroneous and consciously avoided obtaining actual knowledge of his obligations. Fingado admitted that, during the time at issue, he never consulted with an attorney or an accountant to verify his understanding of the tax laws. Instead, he bolstered his beliefs by attending seminars on

**2.** The magistrate instructed the jury to use the evidence of Fingado's prior failure to file "for such light as it may shed, in your opinion, on

his knowledge, intent, lack of accident or lack of mistake in each of the years in question." Tr. Vol. III at 11.

tax avoidance and speaking with others who asserted that they were not required to file. He admitted that he knew his interpretation differed from that of the IRS and millions of American citizens.

Fingado did request that the IRS send him the applicable law. However, he claims that the Service failed to send him the Constitution and the definition of "individual." Tr. Vol. II at 94–96. The jury could reasonably infer that the purpose of this claim was to maintain his defense that, since he did not have all the information he needed, he truly misunderstood the law. The mere fact that Fingado appeared to educate himself about the tax laws does not negate the possible inference that he selectively educated himself "in order to have a defense in the event of a subsequent prosecution." *United States v. Alvarado*, 838 F.2d 311, 314 (9th Cir.), *cert. denied*, 487 U.S. 1222, 108 S.Ct. 2880, 101 L.Ed.2d 915 (1988); *see United States v. Glick*, 710 F.2d at 641–42 (although defendant had appraised the value of codefendant's properties on several occasions, other facts, including the reasonableness of the evaluations, the appraisers' qualifications and the documentary support of those appraisers, indicated that the defendant intentionally avoided actual knowledge of codefendant's fraudulent over-valuations and justified a deliberate ignorance instruction); *United States v. Hiland*, 909 F.2d at 1131 (defendant's awareness of adverse reactions to drug manufactured by his company and entrustment of investigation to employee known to be unable to determine validity and accuracy of reported dangers justified instruction).

Fingado also argues that the instruction improperly led the jury to convict him on the sole ground that he should have known his conduct was illegal. However, the magistrate fully explained the requirements to convict for deliberate ignorance in compliance with *United States v. Glick*, 710 F.2d 639 (10th Cir.1983). In addition, the court expressly directed the jury not to convict for negligence or mistake. Rather, the court instructed the jury that they must find willfulness beyond a reasonable doubt, defining willfulness as actions done

"voluntarily and intentionally, and with the specific intent to do something the law forbids." The court further instructed that acts are not willful if Fingado "acted in accordance with a good faith misunderstanding of the law ... as long as he honestly believed and acted upon it in good faith," even if not legally correct. Tr. Vol. III at 12; *see United States v. Markopoulos*, 848 F.2d 1036, 1040 (10th Cir.1988); *United States v. Glick*, 710 F.2d at 643. In addition, the court reiterated these requirements to the jury near the end of the instructions.

■ Thus, we do not find that the giving of the deliberate ignorance instruction constituted reversible error since, as a whole, the instructions "treat[ed] the issues fairly and adequately," *United States v. Diaz*, 864 F.2d 544, 551 (7th Cir.1988), *cert. denied*, 490 U.S. 1070, 109 S.Ct. 2075, 104 L.Ed.2d 639 (1989), and "provided the jury with an ample understanding of the issues and the standards applicable." *Big Horn Coal Co. v. Commonwealth Edison Co.*, 852 F.2d 1259, 1271 (10th Cir.1988) (quoting *Ramsey v. Culpepper*, 738 F.2d 1092, 1098 (10th Cir.1984)).

## IV.

## SUFFICIENCY OF THE EVIDENCE

Fingado contends that the evidence was insufficient to establish the element of willfulness necessary to convict him. We disagree.

■ In reviewing for sufficiency, we must examine the evidence, both direct and circumstantial, in the light most favorable to the government and determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt. *United States v. Culpepper*, 834 F.2d 879, 881 (10th Cir.1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *reh'g denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979)). Circumstantial evidence alone may be sufficient to sustain a conviction. *United States v. Hooks*, 780 F.2d 1526, 1529 (10th

Cir.), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986).

The record shows that Fingado had filed income tax returns until 1974. A pattern of filing and then failing to file is evid nce of willfulness. *United States v. Bohrer,* 807 F.2d 159, 161 (10th Cir.1986). In addition, he failed to file a tax return even after his indictment. *See United States v. Thomas,* 788 F.2d 1250, 1254 (7th Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986). Fingado also admitted receiving notices from the IRS relating to his potential tax liability and questioning him about his failure to file the return, requesting a response. *See United States v. Sempos,* 772 F.2d 1, 2 (1st Cir. 1985) (reminder notices and visits from IRS imply willfulness). The IRS even sent Fingado the Code provisions related to tax payment requirements and instructions for preparing a return. Given the IRS's correspondence, Fingado admitted that he thought the IRS may have had a different interpretation of the tax laws than he did.

Other indications of willfulness are evidence of a substantial income in the years during which the defendant failed to file, *United States v. Bohrer,* 807 F.2d at 161–62, and attempts to avoid tracing or recording of income by minimizing use of bank accounts and dealing in cash or other unrecorded mediums of exchange. *See United States v. Turner,* 799 F.2d 627, 630 (10th Cir.1986) (review totality of the evidence including usage of bank accounts, cash transactions and involvement in tax avoidance organizations in determining sincerity of belief); *United States v. Conley,* 826 F.2d 551, 557 (7th Cir.1987) (avoidance of bank accounts and use of cash for expense payments is evidence of willfulness). Fingado admits that he received approximately $116,000 during the years 1981, 1982, and 1983. In addition, Agent Thomas testified that Fingado stopped using bank accounts in 1973, the same year he stopped filing. Fingado also requested payment in silver on occasion, motivated in part by the fact that silver transactions are not recorded. And, finally, Fingado testified that he entered into an independent contractor agreement in order to avoid withholdings from his wages.

Thus, the jury had sufficient evidence to reasonably conclude that Fingado willfully failed to file a return.

In accordance with the foregoing, we AFFIRM.