940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Allen STEPHENS, Defendant-Appellant.
 No. 90-5242.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.*
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The premise advocated by the defendant in this case is "ignorance of the law is a defense." A revolution is at hand!
 
 
 2
 Defendant Ronnie Allen Stephens was convicted with three other persons of one count of mail fraud, 18 U.S.C. Sec. 1343, and one count of aiding and abetting, 18 U.S.C. Sec. 2. The government's evidence established that the defendants participated in a scheme to defraud an insurance company by filing a false claim for the theft of an automobile owned by one of the defendants.
 
 
 3
 Defendant challenges the sufficiency of the evidence, stating baldly and without citation of authority:
 
 
 4
 The general rule of law in the United States, in any criminal case is that the individual in some way must be aware he is in violation of the criminal law before he can become liable for his actions. The fact that an individual is merely present with a friend or is helping out a friend, without having knowledge that the friend is doing wrong, is not a breech (sic) of the penal statutes. To have a rule of law to the contrary would open the door to abuses far to [sic] extensive to elaborate on in this brief.
 
 
 5
 Counsel then follows this proposition with a jury argument based upon the facts in a light most favorable to the defendant,[1] the essence of which is that the defendant did not know he was taking part in an insurance fraud.[2] On appeal, however, we must view the evidence in a light most favorable to the government. United States v. Fingado, 934 F.2d 1163, 1167 (10th Cir.1991). In so doing, we see substantial evidence to support the verdict.
 
 
 6
 We have great difficulty understanding the argument of appellant's counsel. His contention that the evidence is insufficient is based upon quotes from two headnotes of older cases from the D.C. and Second Circuits.
 
 
 7
 To support his contention that to be guilty of an offense, a person must know he is committing a crime, counsel first quotes a part of headnote 1 from United States v. Lumpkin, 448 F.2d 1085 (D.C.Cir.1971), stating: "[m]ere presence at the scene of crime is not sufficient to convict one of aiding and abetting." However, that statement in context reads:
 
 
 8
 Lumpkin was actually present at the scene of this crime but of course mere presence alone is not sufficient to convict one of aiding and abetting. What is required is evidence that the accused knowingly associate himself in some way with the criminal venture, that he participate in it as in something that he wishes to bring about and the he seek by his action to make it succeed.
 
 
 9
 Id. at 1090. Then, counsel follows with a quote of headnote 2 of United States v. Terrell, 474 F.2d 872 (2d Cir.1973): "Knowledge that crime was committed even when coupled with presence at scene is, without more, generally insufficient to prove aiding and abetting." The text of that quotation, in context, reads:
 
 
 10
 The question of the sufficiency of the evidence against appellant McDonald is, however, on a different footing. She was present at the time of the transfer and by ready inference ... knew that it was taking place. "[K]nowledge that a crime is being committed, even when coupled with presence at the scene," ... without more, however, is generally insufficient to prove aiding and abetting.... But in addition to being present at the scene, McDonald operated the Toronado, thereby enabling the sale to be effectuated in the relative concealment of a moving automobile in the early morning hours.
 
 
 11
 Id. at 875 (citations omitted). Neither the headnotes, nor the cases themselves, have any bearing on whether the evidence in this case was sufficient to convict the defendant of mail fraud. More importantly, they do not support counsel's theory that a person must know his actions constitute a crime before he can be convicted.
 
 
 12
 Nevertheless, we have reviewed the record and find the government's evidence showed the defendant assisted a friend in disposing of an automobile in a way that allowed the owner to claim the car had been stolen. As a consequence of the claim, the owner collected the proceeds of an insurance policy. The transaction was conducted by telephone and facsimile transmissions made to representatives of the insurance company in another state.
 
 
 13
 A codefendant, Bobby Lee Martin, testifying for the government, stated his boss was having financial difficulties and wanted to have "something done with his car." Martin then told defendant "that my boss needed a car stolen, was he interested." Martin explained the theft was "an insurance deal." Two days later defendant called Martin and asked for the keys to the car, saying he would dispose of it. Defendant subsequently obtained the keys, took another defendant to a location furnished him by Martin, where the car was obtained by the third defendant. That person ultimately sold the vehicle to an undercover Tulsa policeman. This conduct constituted "a scheme or artifice to defraud" within the ambit of the wire fraud statute, 18 U.S.C. Sec. 1343. Defendant also abetted the commission of the wire fraud within the meaning of 18 U.S.C. Sec. 2.
 
 
 14
 Counsel next attacks defendant's sentence, arguing: "[T]here is no reason why the defendant should not have been given the extra two points for acceptance of responsibility." This argument is made in the face of this statement in the presentence report: "Stephens has consistently denied having any knowledge about being a participant in auto insurance fraud activities despite numerous statements to the contrary by more than one defendant."[3] There is at least one significant reason why the trial court did not give the two-point adjustment, and that is because at no time did the defendant accept responsibility for his criminal act.
 
 
 15
 Defendant's argument is specious. He bluntly asserts that the two-point reduction was "absolutely critical to the Defendant. [It] meant the difference between the judge being able to put the Defendant on probation or having to incarcerate him." Nonetheless, counsel fails to indicate where and to whom the defendant acknowledged his responsibility so the trial court could have granted the two-point adjustment. Moreover, he asks, "So why was the Defendant denied the two points? The Defendant would suggest that is [sic] was based solely on the subjective thoughts of the Probation Office who did the presentence investigation. Objectively, there is no reason why the Defendant should have been denied." This rhetoric is offensively fatuous.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Neither of the briefs submitted by both sides complies with Fed.R.App.P. 28(a)(3) and (b). The so-called "statement of facts" filed by both parties is an abstract of the testimony and not "a statement of the facts relevant to the issues presented for review." The court has not been aided by these briefs
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government's brief in response is worthless. Instead of helping the court with a citation of the evidence supporting the conviction, the government merely argues the defendant "bears a heavy burden" and he has not "met it in this case." Such efforts are not worth the time spent in their preparation or our time spent reading them
 
 
 [2]
 His testimony at trial was, in effect, that he acted merely as a middleman in a transaction between friends, and he did not know a false claim of theft was to be asserted as a result of that transaction. Obviously, the jury did not believe him
 
 
 [3]
 Defendant made no objection to the presentence report