940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Horace PERKINS, Jr., Petitioner-Appellant,
v.
Dareld KERBY, Warden, Respondent-Appellee.
 No. 90-2228.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Horace Perkins appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. He asserts the same claims on appeal that were ultimately dismissed by the district court, namely: 1) a harsher sentence following appeal violated his due process rights, 2) the state court lacked jurisdiction because the crime occurred on Indian land, 3) the state trial court's denial of his motion to suppress in-court identifications was error amounting to a violation of his due process rights, 4) his conviction on two false imprisonment counts was not supported by sufficient evidence and, therefore, was a violation of his due process rights, 5) the district court's summary dismissal of certain of petitioner's original habeas claims violated his due process rights, and 6) cumulative error denied petitioner a fair trial. We affirm.[1]
 
 
 3
 The facts pertinent to this appeal are few. Petitioner was convicted three times of various charges brought in connection with a robbery of the Griswold family on the Navajo reservation. His first two convictions were reversed and remanded following appeals to the New Mexico Court of Appeals. The presiding and sentencing judge in petitioner's first two trials was Judge Brown. The third trial was conducted before Judge Eastburn. Petitioner appealed his third conviction up to the New Mexico Supreme Court, without success, and also filed two state habeas petitions which were denied. Appellant's Brief in Chief at 3-7.
 
 
 4
 On petition to the federal district court, pro se, petitioner presented eight issues for review. The district court summarily dismissed six of those issues. Following appointment of counsel, petitioner was granted leave to amend his petition to include four additional claims. The resulting six claims were ultimately considered de novo by the district court, which adopted the magistrate judge's proposed findings and recommendations and dismissed the petition with prejudice. Id. at 7-8.
 
 
 5
 * Petitioner's first claim is that he received a more severe sentence following appeal in violation of his due process rights. Id. at 2. This issue is a mixed question of law and fact, which we review de novo. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir.1989), cert. denied, 110 S.Ct. 1490 (1990).
 
 
 6
 Due process requires that vindictiveness "play no part" in a new sentence following retrial. North Carolina v. Pearce, 395 U.S. 711, 725 (1969). Pearce has been construed to apply a presumption of vindictiveness when a judge imposes a harsher sentence on a defendant after a new trial. See United States v. Goodwin, 457 U.S. 368, 374 (1982). The Pearce presumption has been applied sparingly, however, limited to circumstances where there is a reasonable likelihood of vindictiveness by the ultimate sentencing judge. See Alabama v. Smith, 490 U.S. 794, 799-800 (1989) (citing Wasman v. United States, 468 U.S. 559, 569 (1984)).
 
 
 7
 Cases subsequent to Pearce have held that where the sentence being challenged was meted out by a different sentencing authority, the presumption does not generally apply, because the ultimate sentencing authority "will have no personal stake in the prior conviction and no motivation to engage in self-vindication." Chaffin v. Stynchcombe, 412 U.S. 17, 27 (1973); see United States v. Peterman, 841 F.2d 1474, 1482 (10th Cir.1988), cert. denied, 488 U.S. 1004 (1989). The Pearce presumption may apply when the ultimate sentencing authority and original sentencing authority differ if it is shown that the ultimate sentencing authority knew of the original sentence, see Chaffin, 412 U.S. at 26; United States v. Lippert, 740 F.2d 457, 460 (6th Cir.1984), cert. denied, 469 U.S. 1218 (1985).
 
 
 8
 Petitioner argues that the sentences to be compared are his first and second sentences, both imposed by Judge Brown. We reject this contention. The sentences arising out of petitioner's first and second trials are void, having been "wiped clean" following petitioner's successful appeals of those convictions. Chaffin, 412 U.S. at 25; see State v. Peters, 366 P.2d 148, 149 (N.M.1961), cert. denied, 369 U.S. 831 (1962). Petitioner's third sentence, which he is currently serving, is the only remaining valid sentence and the sentence being challenged in this appeal. Petitioner's third sentence was imposed by Judge Eastburn. Petitioner has not alleged, nor does the record reflect, that Judge Eastburn knew of the earlier sentences imposed by Judge Brown. The facts of this case, viewed together, do not support a realistic likelihood of vindictiveness, and, therefore, do not give rise to the Pearce presumption. See United States v. Doran, 882 F.2d 1511, 1521 (10th Cir.1989).
 
 
 9
 Where the presumption of vindictiveness is inapplicable, a defendant can still prevail by establishing actual vindictiveness on the part of the ultimate sentencing authority. Alabama, 490 U.S. at 799-800 (citing Wasman, 468 U.S. at 569). Petitioner has neither established nor alleged that Judge Eastburn was motivated by vindictiveness in imposing his current sentence. Petitioner claims that Judge Brown was the "architect" of his sentence, and that Judge Eastburn "exercised no discretion," but "merely reimposed" Judge Brown's earlier sentence. Appellant's Brief in Chief at 28. We reject this argument for two reasons. First, as noted above, petitioner has not shown that Judge Eastburn had knowledge of the previous sentences; therefore, we cannot say that Judge Eastburn "reimposed" an earlier sentence. Second, we will not assume that Judge Eastburn has abrogated his discretionary authority, and petitioner has presented no evidence that would support such an assumption. See State v. Atencio, 513 P.2d 1266, 1268 (N.M.Ct.App.), cert. denied, 513 P.2d 1265 (N.M.1973). Absent evidence of actual vindictiveness, petitioner's due process claim must fail. See Moon v. Maryland, 398 U.S. 319 (1970).
 
 
 10
 In light of the above analysis, we need not address petitioner's claim that his current sentence is more severe than his previous sentences.
 
 
 11
 Pearce was not written with a view to protecting against the mere possibility that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process. The possibility of a higher sentence was recognized and accepted as a legitimate concomitant of the retrial process.
 
 
 12
 Chaffin, 412 U.S. at 25 (citing Pearce, 395 U.S. at 723).
 
 II
 
 13
 Petitioner next contends that the state court lacked jurisdiction over his case because the Griswold robbery occurred on Indian land and involved Indian interests. Petitioner does not allege, however, nor does the record reflect, that any person involved in the robbery is an Indian. Petitioner asserts that the offense involved Indian interests, but does not support this statement in any way. We agree with the district court that, under these facts, jurisdiction was proper in the state court. See Duro v. Reina, 110 S.Ct. 2053, 2055 n. 1 (1990); United States v. Baker, 894 F.2d 1144, 1146 & n. 1 (10th Cir.1990).
 
 III
 
 14
 Petitioner claims that the state trial court erred when it denied his motion to suppress any in-court identifications of him at trial, and that such error violated his due process rights. While the ultimate determination of constitutionality of identification procedures is subject to de novo review, Archuleta v. Kerby, 864 F.2d 709, 710 (10th Cir.) (citing Sumner v. Mata, 455 U.S. 591, 597 (1982)), cert. denied, 490 U.S. 1084 (1989), we must presume the underlying factual findings to be correct unless clearly erroneous, United States v. Berryhill, 880 F.2d 275, 280 (10th Cir.1989), cert. denied, 110 S.Ct. 853 (1990); Archuleta, 864 F.2d at 711; 28 U.S.C. Sec. 2254(d), and must view the evidence in a light most favorable to the government, Berryhill, 880 F.2d at 280.
 
 
 15
 The test in this circuit for determining the constitutionality of identification procedures involves two issues:
 
 
 16
 1) was the identification procedure unnecessarily suggestive; and
 
 
 17
 2) if so, looking at the totality of the circumstances, was the identification reliable.
 
 
 18
 Archuleta, 864 F.2d at 711.
 
 
 19
 We agree with the district court that petitioner has not shown that the identification procedures he challenges were unnecessarily suggestive. See Berryhill, 880 F.2d at 281; cf. Archuleta, 864 F.2d at 711 (state conceded procedure was unnecessarily suggestive). Accordingly, we need not examine petitioner's arguments about the second issue, reliability of the identifications. See Archuleta, 864 F.2d at 711.
 
 IV
 
 20
 Petitioner alleges a due process violation in connection with his conviction of false imprisonment of the Griswolds' sons, Terry and Gary. He contends that there was insufficient evidence to convict him of these counts because neither son testified at his third trial. Therefore, he claims, the trial court erred in failing to grant him a directed verdict of acquittal. "In reviewing for sufficiency, we must examine the evidence, both direct and circumstantial, in the light most favorable to the government and determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt." United States v. Fingado, 934 F.2d 1163, 1167 (10th Cir.1991).
 
 
 21
 Petitioner argues that, lacking actual testimony from Terry and Gary, "no rational jury could find beyond a reasonable doubt that the Griswold sons personally felt that they were confined against their will...." Appellant's Brief in Chief at 35. Under New Mexico law, false imprisonment is defined as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." N.M.Stat.Ann. Sec. 30-4-3. Petitioner essentially contends that testimony from the victim is necessary to establish these elements. We disagree. The jury could find petitioner guilty of confining the boys without their consent from evidence in the record of his participation in physically restraining the boys by tieing and gagging them and by his use of threats of violence. See State v. Bachicha, 808 P.2d 51, 54 (N.M.Ct.App.), cert. denied, 807 P.2d 227 (N.M.1991). Petitioner does not contest the evidence against him in any way. The evidence is sufficient to support the jury's finding that petitioner was guilty of false imprisonment of Terry and Gary Griswold.
 
 V
 
 22
 Petitioner's fifth claim is that the district court violated his due process rights when it summarily dismissed four of his original claims. The magistrate judge recommended that six of petitioner's original claims be summarily dismissed. Rec. vol. I, doc. 6. When petitioner failed to object within the allowable time period, ten days, the district court adopted the magistrate judge's recommendations and summarily dismissed the six claims. Four months later, petitioner was appointed counsel; five months later, petitioner filed a motion pursuant to Fed.R.Civ.P. 60(b)(6) for reconsideration of four of the original claims, which the district court denied. Rec. vol. I, doc. 19.
 
 
 23
 We review de novo the district court's decision to summarily dismiss claims from petitioner's original habeas petition. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991). Petitioner contended that his constitutional right to confrontation was violated when a co-conspirator's statements were admitted at trial without a prima facie showing of the underlying conspiracy. Petitioner failed to raise this as a federal constitutional issue in his original petition. See Davis v. Reynolds, 890 F.2d 1105, 1109 n. 3 (10th Cir.1989). Petitioner also claimed that the prosecutor knowingly presented false evidence at his trial. However, the facts alleged in his original petition, even if true, do not support that claim. A habeas petition "is expected to state facts that point to a 'real possibility of constitutional error.' " O'Bremski, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). See United States v. Staggs, 881 F.2d 1527, 1543 (10th Cir.1989) (Ebel, J., dissenting).
 
 
 24
 Petitioner complained that a gun was improperly admitted at trial, in violation of Rule 11-901 of the New Mexico Rules of Evidence. This allegation does not state a federal habeas claim, see 28 U.S.C. Sec. 2254(a), and does not allege prejudice resulting from the purported error. See McFadden v. Cabana, 851 F.2d 784, 788 (5th Cir.1988), cert. denied, 489 U.S. 1083 (1989). Finally, petitioner asserted that he was deprived of the right to an effective appeal because tapes of the preliminary hearings were destroyed. However, he alleged no prejudice resulting from his contention that he could not cross-examine witnesses on the basis of their preliminary hearing testimony. See id.
 
 
 25
 For these reasons, the above four claims from petitioner's original habeas petition were properly dismissed by the district court.
 
 VI
 
 26
 Petitioner's final claim is that these alleged errors, taken together, constitute cumulative error amounting to a violation of his due process rights to a fair trial. We again agree with the district court. Because we find no error in petitioner's individual claims, there can be no cumulative error. See United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir.1990).
 
 
 27
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We grant petitioner's motion for certificate of probable cause