**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HARRY L. DANTZLER,
*Defendant-Appellant.*

No. 02-4048

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES W. JOHNSON, a/k/a Pappa,
*Defendant-Appellant.*

No. 02-4053

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-01-331)

Submitted: August 20, 2002

Decided: September 4, 2002

Before WILKINS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William T. Toal, JOHNSON, TOAL & BATTISTE, P.A., Columbia,
South Carolina; Brian G. O'Keefe, MARTIN LAW FIRM, Charles-

ton, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, John M. Barton, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Harry L. Dantzler and James W. Johnson were indicted in an eighteen-count indictment charging them with conspiracy to defraud the government with respect to false and fraudulent claims, in violation of 18 U.S.C. § 286 (2000), and submitting false claims to the United States Department of Treasury, in violation of 18 U.S.C. § 287 (2000). Both Appellants were convicted on all counts and sentenced to 51 months imprisonment (Johnson) and 46 months imprisonment (Dantzler), followed by three years of supervised release.

Viewed in the light most favorable to the Government, *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996), the evidence adduced at trial established the following. During 1998 and 1999, Johnson, then the Sheriff of Orangeburg County, South Carolina, and Dantzler, a paid income tax preparer, submitted a number of tax returns on IRS Form 1041, annual return for or on behalf of a trust or estate. The returns were filed in the names of non-existent trusts on behalf of individual taxpayers. The income of the "trust" was calculated as the total lifetime earnings of the particular taxpayer, and from that figure was subtracted a "fiduciary fee" in the same amount as the reported income, resulting in a reported income of zero. The amount of taxes purportedly paid by the "trust" was the amount estimated to be paid by the taxpayer over his or her lifetime—resulting in a claimed refund in that same amount.

At trial, the Government presented evidence that Dantzler had been investigated in the past for similar conduct. In particular, Government

witnesses testified—over Dantzler's objection—that Dantzler was indicted and arrested in early 1999 for conspiracy and aiding and assisting others in the filing of false tax returns. Dantzler contends that the district court erred by allowing the government to introduce this evidence.

This court reviews a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990).

Rule 404(b) permits evidence of other crimes, wrongs, or acts to be introduced to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Fed. R. Evid. 404(b). This court has treated Rule 404(b) as an inclusionary rule, excluding only evidence that has no purpose other than to prove criminal disposition. *United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997). Evidence is admissible under Rule 404(b) if it is: (1) relevant to an issue other than character, (2) necessary, and (3) reliable. *Id.*

We find that the district court's decision to allow the evidence of Dantzler's previous indictment and arrest was not arbitrary or irrational. Such evidence was both relevant and probative of Dantzler's intent; i.e., that he knew the claims he filed were false. *See United States v. Ford*, 88 F.3d 1350, 1362 (4th Cir. 1996) (upholding admission of previous arrest as relevant to defendant's intent). The evidence was also necessary to prove that Dantzler was on notice of the illegality of his conduct, yet continued to file false returns. Moreover, the district court properly instructed the jury on the limited use of the evidence.

Next, the Appellants claim that the district court erred in giving a "willful blindness" instruction. A willful blindness instruction allows a jury to infer the element of knowledge if the evidence indicates that the defendant "purposely closed his eyes to avoid knowing what was taking place around him." *United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991). In a tax case, a willful blindness instruction is warranted if the record supports a finding that the defendant was

aware of a high probability that his understanding of the tax laws was erroneous and consciously avoided obtaining actual knowledge of his obligations. *United States v. Fingado*, 934 F.2d 1163, 1166 (10th Cir. 1991); *see also United States v. Whittington*, 26 F.3d 456, 463 (4th Cir. 1994) (holding that "[t]he record need not contain direct evidence . . . that the defendant deliberately avoided knowledge of wrongdoing; all that is necessary is evidence from which the jury could infer deliberate avoidance of knowledge"). We find that there was sufficient evidence to support a willful blindness instruction.

For the foregoing reasons, we affirm Johnson's and Dantzler's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*