**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LAWRENCE RINGER,

    Defendant-Appellant.

No. 00-5112

(D.C. No. 99-CR-78-BU)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **BALDOCK**, and **BRORBY**, Circuit Judges.[**]

---

A jury convicted Defendant Lawrence Ringer of two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and one count of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Defendant to 120 months imprisonment on each of the bank robbery counts to run concurrently, and 84 months imprisonment on the firearm count

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to run consecutively.

Defendant appeals, challenging the district court's decision to admit testimony pursuant to Fed. R. Evid. 404(b) regarding Defendant's access to a weapon prior to the second bank robbery on May 21, 1999. Defendant argues that in admitting the evidence, the district court failed to follow the procedural safeguards set forth in Huddleston v. United States, 485 U.S. 681 (1988). Specifically, Defendant argues the district court failed to determine pursuant to Fed. R. Evid. 403 whether the danger of unfair prejudice to Defendant outweighed the probative value of the evidence. We exercise jurisdiction under 28 U.S.C. § 1291. We review a decision to admit evidence under Fed. R. Evid. 404(b) for an abuse of discretion. United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000). Applying this standard, we affirm.

I.

When interviewed by authorities, a bank teller described the perpetrator's gun as small, possibly a .22 semi-automatic, with both rusty and shiny spots on it. The Government provided notice pursuant to Rule 404(b) that it intended to introduce evidence of Defendant's possession of a .22 or .25 caliber gun as circumstantial evidence to show Defendant had access to a firearm similar to the one used in the second robbery. Defendant objected. After an evidentiary hearing, the district court ruled the evidence was admissible.

Carliss Anthony Ball testified at trial that he gave Defendant a rusty .22 or .25 caliber automatic, approximately a month and a half before the robbery took place.  Ball testified as follows:

Q:  Mr. Ball, did you ever give Mr. Ringer a firearm?
A:  Yes, sir.
Q:  Do you remember exactly when that was?
A.  No, sir.
Q:  All right.  Let's take it from here.  Where were you on . . . May 29th of 1999?
A:  Where was I?
Q:  Yes.
A:  I was in the custody of Pawhuska County.
Q:  Have you ever been convicted of a felony?
A:  No, sir.
Q:  All right.  Now in relation to when you went into the Pawhuska County jail on May 29th, how far before that was it that you gave Mr. Ringer a gun?
A:  I don't know no exact dates, sir.
Q:  What's your best approximation?
A:  A month and a half.
Q:  All right.  Now, would you describe for the ladies and gentlemen of the jury, what the firearm looked like?
A:  It was a chrome .25 automatic.
Q:  Okay.
A:  It was rusty at the bottom.  I mean, you could tell that it was rusty because you could see the brown rust on it and it didn't have a clip on it.  I wasn't even sure it even worked.
Q:  Okay.  All right.  So it had some shinny [sic] places on it?
A:  Yeah.
Q:  And it had rust on it?
A:  Mostly, yeah.
Q.  What caliber was it?
A.  It was a .25.
Q.  Do you recall having testified yesterday in a hearing and saying that it was a .22 or .25?
A:  It was either one.  They both look exactly the same to me.  If you have ever seen a .25 and a .22 automatic, they look the same.

Q: And it was a semi-automatic?
A: Semi-automatic?
Q: Uh-huh.
A: I don't know exactly what that means.
Q: All right. Was it a revolver or an automatic?
A: It was an automatic. It wasn't a revolver.
Q: And did – what color was the handle?
A: I think it was a wood, like a wood grain, like this here.
Q: What color is that?
A: Brown.

Rec. Vol. V at 27-29.

Deaunna Foster, Defendant's fiancee, testified that she saw Defendant with

a firearm similar to the one Ball described sometime prior to the robbery. Foster

testified as follows:

Q: Did you see the Defendant, Mr. Ringer, before May 21st, 1999, with a small firearm with a brown handle that was rusty, that may have been black at one time?
A: Earlier in the year, I did.
Q: All right. And how much before May 21st, did you see Mr. Ringer with that firearm?
A: It was earlier in the year.
Q: How much earlier, Ms. Foster?
A: I can't remember, maybe the end of January, first of February.

Rec. Vol. V at 85-86.

## II.

Rule 404(b) prohibits the government from offering evidence of other

crimes, wrongs, or acts to demonstrate the bad character, moral turpitude, or

criminal disposition of a defendant to prove he acted in conformity with the

prior acts or events. Fed. R. Evid. 404(b). The rule does permit, however,

4

the introduction of such evidence for other approved purposes, including demonstration of a defendant's identity, common scheme, plan, opportunity or preparation. Id. Following the Supreme Court's decision in Huddleston, to be admissible under Rule 404(b):

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

485 U.S. at 691.

The district court did not make specific reference to the Huddleston requirements when it ruled on the admission of the testimony. If the transcript reflects that the decision to admit was proper under the requirements of Huddleston, however, any failure to explicitly mention them is harmless. United States v. Owen, 15 F.3d 1528, 1535 (10th Cir. 1994). Our review of the record convinces us that the admission of the testimony regarding Defendant's possession of a weapon prior to the robbery complied with the four Huddleston requirements and, therefore, the district court did not abuse its discretion in admitting such evidence.

First, the Government offered the evidence for a proper purpose. Rule 404(b) permits the use of uncharged bad acts to the extent that the actions are

probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The Government offered the challenged evidence to show Defendant's access to a firearm similar to the one used in the robbery alleged in the indictment. See United States v. Robinson, 560 F.2d 507, 513 (2nd Cir. 1977) (en banc) (holding evidence of defendant's possession of a gun similar to one used in a robbery relevant to demonstrate opportunity).

Second, the evidence of Defendant's access to a firearm prior to the robbery was relevant. See Fed. R. Evid. 401. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequences to the determination of the action more probable or less probable than it would be without the evidence." Id. As evidence linking Defendant to the crime, his access to a firearm similar to the one used in the robbery tended to make his participation in the robbery more probable than it would be without the evidence. Evidence of possession of a weapon similar to that used in the robbery is relevant to establish opportunity or preparation to commit the crime charged. See Gov't of the Virgin Islands v. Joseph, 685 F.2d 857, 860-61 (3d Cir. 1982) (holding no abuse of discretion in permitting witness to testify that she saw a gun in defendant's car several months prior to crime).

Third, Rule 403 gives the district court discretion to exclude relevant

6

evidence if the danger of, among other things, unfair prejudice <u>substantially</u> outweighs its probative value. <u>See</u> <u>United States v. Rodriquez</u>, 192 F.3d 946, 951 (10th Cir. 1999). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." <u>Id.</u> (internal quotations omitted). Where the district court does not expressly rule on the probativeness of evidence, it does so implicitly when the defendant objects to the 404(b) evidence as unfairly prejudicial and the court rejects defendant's argument. <u>United States v. Fingado</u>, 934 F.2d 1163, 1165-66 (10th Cir. 1991).

Here, Defendant specifically objected to the evidence as prejudicial. At the motion hearing, Defendant argued the evidence lacked probative value because of the dissimilarity between the gun which Ball gave to Defendant and the gun used in the robbery. Defendant had ample opportunity to present his arguments regarding prejudice to the court, and the court clearly rejected those arguments by admitting the evidence. <u>See</u> <u>United States v. Fitzherbert</u>, 13 F.3d 340, 343 (10th Cir. 1993) (holding no abuse of discretion where although district court did not expressly find that a videotape's probative value outweighed unfair prejudice, the court in essence rejected defendant's prejudice argument by denying his motion after hearing argument on the issue).

7

Finally, <u>Huddleston</u> requires that "the trial court shall, <u>upon request</u>, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted." 485 U.S. at 691-92 (emphasis added). Here, Defendant did not make such a request and, thus, the district court's decision not to give one is not an abuse of discretion. <u>See</u> Fed. R. Evid. 105; <u>Fingado</u>, 934 F.2d at 1166.

The district court did not abuse its discretion in admitting the challenged testimony at trial. Therefore, its judgment is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge