**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE RINGER,

Defendant - Appellant.

No. 03-5148
(D.C. No. CV-02-862-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

Appellant Lawrence Ringer appeals from the district court's order denying,
without an evidentiary hearing, his pro se motion under 28 U.S.C. § 2255 seeking
to vacate, set aside, or correct the sentence that was imposed upon him pursuant
to his conviction of two counts of bank robbery and one count of carrying a

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

firearm during a crime of violence. In our March 23, 2004, order we granted Ringer's motion to proceed in forma pauperis on appeal and granted a certificate of appealability on the issue of whether Ringer's counsel was ineffective for failing to pursue an insanity defense. Following review, we exercise our jurisdiction under 28 U.S.C. § 2253(a) and hold the district court erred in denying Ringer's motion without an evidentiary hearing. [1]

## I

Ringer's convictions arise out of two bank robberies he committed on March 23, 1999, and May 21, 1999. Ringer was sentenced on May 15, 2000, to a total of 204 months imprisonment. On direct appeal, this court affirmed Ringer's conviction in an unpublished Order and Judgment. See United States v. Ringer, 9 Fed. Appx. 844 (10th Cir. May 22, 2001) (unpublished), cert. denied, 534 U.S. 1032 (2001).

Ringer then filed his § 2255 motion asserting, among other claims, that his trial counsel was ineffective for failing to investigate the possibility of an insanity defense. Ringer specifically requested that the district court hold an evidentiary hearing on the question.

---

[1] Ringer's notice of appeal was untimely, although he did file a motion for extension of time under Fed. R. App. P. 4(a)(5) before the expiration of the filing deadline. This court partially remanded the case to the district court for ruling and the district court granted the same. Therefore, this court has appellate jurisdiction. See Hinton v. City of Elwood, 997 F.2d 774, 778 (10th Cir. 1993).

The record shows that prior to his trial, Ringer was ordered to undergo a competency evaluation at the Federal Medical Center in Springfield, Missouri. The report from that evaluation, which Ringer attached to his § 2255 motion, stated that Ringer reported that he "first began seeing a psychologist at age five, after attempting to choke a girl in his kindergarten class"; that his first hospitalization on psychiatric grounds was in 1988, following a manic episode; and that he had been "'hospitalized more than 150 times for this condition.'" R. Doc. 72, Ex. B at 4. Under "Clinical Formulation" the report stated:

> Mr. Ringer has an extensive history of being hospitalized for a mental health condition, specifically, a bipolar disorder. My review of records from the Georgia Regional Hospital and Parkside Behavioral Health Services and Hospital, indicated he has consistently been diagnosed as suffering from a bipolar disorder. There have also been times in which he has exhibited possible psychotic symptoms such as delusions of persecution, delusions of grandiosity, and auditory hallucinations. He has received several medications for this condition, but typically has been prescribed various dosages of lithium, Prolixin, Ativan, and Cogentin. There was documentation that Mr. Ringer's condition had at times, worsened such that he became very agitated, hostile, and combative. There was at least one report in which he assaulted another individual while actively manic.
>
> Documentation from previous hospitalizations suggested that he sporadically complied with medication and did not consistently attend scheduled therapy appointments. There were also notations suggesting that when Mr. Ringer does not comply with medication, he quickly decompensates and becomes extremely manic and potentially psychotic.

Id. at 8-9.  The evaluating psychologist's diagnoses were "Axis I: Bipolar Disorder[,] Cannabis Abuse" and "Axis II: Antisocial Personality Disorder."    Id. at 9.

As to competency, the psychologist found that Ringer's bipolar disorder did not, at the time, prevent him from participating in his trial.  The report went on, however, to state:

> It should be noted . . . that predictions concerning [Ringer's] future mental state and behavior are more difficult.  Mr. Ringer has an extensive history of suffering from a bipolar disorder and becoming combative, assaultive, and psychotic when he is not receiving his medication.  Based on my review of the records, Mr. Ringer has not received his medication for the bipolar disorder since March 1999.  Throughout his evaluation, Mr. Ringer refused any medication for this condition.  Thus, I would consider his prognosis to be guarded.  Although it is anticipated that Mr. Ringer will remain competent to proceed for at least the near future, his condition is fragile, and he could decompensate before his competency hearing.

Id. at 11.

In his § 2255 motion, Ringer alleged that his trial counsel "did nothing except depend solely upon the FORENSIC REPORT" and that counsel "never even had [Ringer] sign a Release Form to authorize his receipt of [Ringer's] Mental Health Records from [the hospitals in which Ringer was previously treated]."   R. Doc. 72 at 3a.  Ringer went on to claim that his counsel failed to:

> consult with, hire, or utilize an independent Psychiatrist . . . in a reasonable investigation of the existence of an Insanity Defense . . . .
> All of this despite the fact that [Ringer] literally begged him to do so.
> It was [Ringer's] persistent objection to the limited nature of the

-4-

ORDER FOR COMPETENCY EVALUTATION, as well as, the subsequent FORENSIC REPORT . . . that neither were concerned with the more pertinent question [Ringer] wanted presented to the Court and a Jury: **Whether [Ringer] Was Insane [Or Not Legally Responsible] When He Committed The Crimes Charged?**

Id. (emphasis in original).

The district court did not require the government to file a response to Ringer's § 2255 motion and denied relief in its order dated June 11, 2003. The district court found that Ringer's ineffective assistance of trial counsel claims were procedurally barred because he had not raised them on direct appeal. As we noted in our March 23, 2004, order, this was error. See Massaro v. United States, 538 U.S. 500, 503-04 (2003); United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). In its order, however, the district court proceeded to address the merits of Ringer's claim. [2] The district court found that since Ringer told the teller during the first bank robbery not to give him "bait money" and to keep her hands where he could see them, and Ringer brandished a weapon and ran from the scene of the crime after getting the money during the second bank robbery, an insanity defense could not have been successful, and trial counsel's

---

[2] After holding that Ringer's claims were procedurally barred, the district court attempted to determine whether Ringer could show (1) cause and prejudice, or (2) a fundamental miscarriage of justice, such that the procedural bar should not be enforced. It was in this erroneous context that the district court considered the merits.

failure to investigate such a defense was objectively reasonable. It therefore denied relief.

## II

"Review in a section 2255 habeas action entails a two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing." United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir. 1992). "When reviewing a district court's denial of a § 2255 petition, we review questions of law de novo and questions of fact for clear error." United States v. Harms, 371 F.3d 1208, 1210 (10th Cir. 2004).

Ringer alleges his trial counsel was ineffective for failing to investigate the possibility of an insanity defense.

> To prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defendant. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997) (quotations and citations omitted). The district court correctly noted that "[t]o prevail on an insanity defense in a federal criminal case, a defendant must show that, 'at the time of the commission of the acts constituting the offense, the defendant, as a

result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.'" R. Doc 76 at 4 (quoting 18 U.S.C. § 17 (2003)). Despite the allegations made by Ringer, the district court found that Ringer's actions during the robberies showed conclusively that an insanity defense could not prevail and that it was objectively reasonable for trial counsel to refuse to investigate an obviously unviable defense. We disagree.

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Strickland v. Washington, 466 U.S. 668, 690-91 (1984).

Here the district court's analysis rests entirely on its determination that Ringer's actions during the robbery made an insanity defense unviable despite the fact that Ringer has a long history of mental illness–including bouts with psychosis and auditory hallucinations–and that he apparently was discharged from a mental institution with two weeks of medication a month prior to committing the bank robberies. There is no per se rule that a trial counsel is excused from investigating a possible insanity defense, in this case for an obviously mentally ill client, if any evidence exists that he attempted to evade capture. See, e.g., United

States v. Kauffman, 109 F.3d 186 (3d Cir. 1997) (trial counsel provided ineffective assistance by not investigating insanity defense despite counsel's testimony that he thought the defendant's actions in hiding stolen guns in a remote barn and negotiating the sale of one showed the defendant appreciated the wrongfulness of his conduct). Because of trial counsel's failure to investigate, there is no evidence–other than the materials from the competency evaluation which did not address the time period in question–to counter Ringer's allegation that an investigation would have revealed he was legally insane during the robberies.

Which brings us to the second step of our analysis: Did the district court abuse its discretion in failing to hold an evidentiary hearing? "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir. 1991) (quotation omitted). Section 2255 provides that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Because Ringer's actions

did not conclusively make an insanity defense unviable, it is impossible to tell whether Ringer should prevail on his ineffective assistance of counsel claim without the aid of an evidentiary hearing. While an evidentiary hearing might show the futility of an insanity defense or that trial counsel determined an investigation was not needed for reasons other than Ringer's actions during the robberies, we cannot assume this to be the case.

Therefore, we find the district court abused its discretion in refusing to hold an evidentiary hearing, we **REVERSE** the district court's order denying the motion without a hearing, and we **REMAND** the case to the district court so that counsel may be appointed to Ringer and an evidentiary hearing may be held. [3]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] Under Rule 8(c) of the Rules Governing Section 2255 Proceedings, "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)." See Swazo v. Wyo. Dep't of Corr. State Pen. Warden, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required.").