**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

    Plaintiff-Appellee,

v.

LAWRENCE RINGER,

    Defendant-Appellant.

No. 06-5077

(D.C. Nos. 02-CV-862-HDC &
99-CR-78-HDC)

(N. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Lawrence Ringer, a federal prisoner, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because Ringer has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the matter.

I.

Ringer was convicted by a jury of two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and one count of carrying a firearm during a crime of violence in

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

violation of 18 U.S.C. § 924(c). Ringer was sentenced to 120 months' imprisonment on each of the bank robbery counts, with those sentences to run concurrently, and to 84 months' imprisonment on the firearm count, with that sentence to run consecutively. We affirmed Ringer's convictions on direct appeal. United States v. Ringer, 9 Fed. Appx. 844 (10th Cir. 2001).

Ringer, appearing pro se, filed a § 2255 motion asserting, among other claims, that his trial counsel was ineffective for failing to investigate the possibility of an insanity defense. The district court denied Ringer's motion without requiring the government to file a response. In doing so, the district court concluded that Ringer's ineffective assistance claim was procedurally barred because he had failed to raise it on direct appeal, and that, alternatively, there was no merit to the claim because, given Ringer's actions during the bank robberies, an insanity defense could not have been successful. On appeal, we concluded the district court abused its discretion in refusing to hold an evidentiary hearing on Ringer's ineffective assistance claim. United States v. Ringer, 139 Fed. Appx. 969 (10th Cir. 2005). Accordingly, we reversed the district court's order denying Ringer's motion and remanded the case to the district court with instructions to appoint counsel to represent Ringer and to conduct an evidentiary hearing.

The district court, per our instructions, conducted an evidentiary hearing on February 24, 2006. On March 2, 2006, the district court issued a written order denying Ringer's § 2255 motion. In doing so, the district court found that (a) Ringer was represented during the trial proceedings by an experienced criminal defense attorney, (b)

-2-

Ringer's trial counsel was aware of Ringer's history of mental illness, (c) Ringer's trial counsel successfully moved to have Ringer undergo a competency examination, (d) a staff psychologist at the United States Medical Center for Federal Prisoners in Springfield, Missouri, concluded that Ringer suffered from bi-polar disorder but was nonetheless competent to stand trial, (e) trial counsel's investigation into the facts surrounding the bank robberies revealed that Ringer clearly made preparations for robbing the banks and, following the robberies, took various steps to evade detection, (f) trial counsel ultimately concluded that he could not prove by clear and convincing evidence that Ringer had a severe mental disease or defect that made him unable to appreciate the wrongfulness of his acts, as required by 18 U.S.C. § 17(a), and (g) trial counsel chose instead to pursue a defense of misidentification as to one of the bank robbery counts and lack of possession of a firearm which was an element of proof on the remaining two crimes. Based upon these factual findings, the district court concluded that Ringer's trial counsel made strategic choices that were professionally reasonable.

Ringer filed a notice of appeal and a request for a COA. The district court denied Ringer's request. Ringer has now filed an application for COA with this court.

II.

The denial of a motion for relief pursuant to § 2255 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a

showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In order to prevail on an ineffective assistance of counsel claim, a defendant must first "show that counsel's performance was deficient." Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "Second, the defendant must show that the deficient performance prejudiced the defense." Id.

After reviewing Ringer's appellate brief and the record on appeal, we are not persuaded that Ringer has established his entitlement to a COA. Although Ringer continues to argue that his trial counsel failed to adequately investigate the possibility of asserting an insanity defense, that argument is clearly undercut by the district court's factual findings, none of which are disputed by Ringer on appeal. In light of those factual findings, we conclude that no reasonable jurist could have disagreed with the district court's determination that Ringer's trial counsel made a reasonable strategic decision not to pursue an insanity defense, and to instead focus on more viable defenses to the charged crimes.

-4-

The request for a COA is DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge